■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. CHERYL OLIVIA GAITHER-OJEDA, Admitted in 1986, at a Term of the Appellate Division, Second Department. [743 NYS2d 267] —Respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Williams, P.J., Nardelli, Mazzarelli, Ellerin and Saxe, JJ. [See, 240 AD2d 106.]

(March 26, 2002)

■ AIU INSURANCE Co. et al., Respondents, v AMERICAN MOTORISTS INSURANCE Co. et al., Appellants-Respondents, and CORD CONTRACTING Co., INC., Respondent-Appellant, et al., Defendant. [740 NYS2d 296] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 13, 2000, which declared inter alia that insurance policies issued by defendants American Motorists Insurance Co. and St. Paul Fire & Marine Ins. Co. each afforded primary liability coverage to plaintiffs HRH Construction Corp. and Hotel Grand Central in an underlying personal injury action, thus obligating those insurers to provide a defense for said plaintiffs and to reimburse their excess insurer (plaintiff AIU Insurance Co.) for its defense expenditures in the underly-

ing action, unanimously modified, on the law, to vacate the declaration in plaintiffs' favor with respect to claims against St. Paul and to hold those claims in abeyance pending resolution of the underlying action, and otherwise affirmed, without costs. Cross appeal of defendant Cord Contracting Co. unanimously dismissed, without costs.

The underlying action arose out of construction conducted at the site of plaintiff Hotel Grand Central. Plaintiff AIU was the general commercial liability insurer of both the Hotel and its general contractor, plaintiff HRH, under a policy that broadly designated its coverage as excess to that of any other responsible contractor working at the site. The injured party was an employee of defendant Cord, the drywall and millwork subcontractor. Cord's liability insurer was American Motorists, under a policy that additionally covered HRH and the Hotel, in compliance with Cord's contractual obligation to insure, indemnify and hold harmless those parties. Cord's employee was injured when he allegedly tripped and fell over debris at the site, including a conduit pipe that may or may not have been left by another subcontractor, defendant Forest Electric Corp. That subcontractor maintained liability insurance with defendant St. Paul, under a policy that similarly covered HRH and the Hotel as additional insureds.

In the underlying action against the Hotel and HRH, those parties impleaded subcontractors Cord and Forest. The instant action is an effort to compel American Motorists and St. Paul to undertake the primary defense of HRH and the Hotel in the underlying action, and to indemnify their general liability insurer, AIU, for expenditures incurred in that defense.

The IAS court focused on the fact that AIU's coverage was excess to other existing policies, and that American Motorists and St. Paul did include AIU's insureds in the coverage of their respective subcontractors. But what that court overlooked was the nature of the coverage in the American Motorists and St. Paul policies. The endorsements in each of those policies, naming the Hotel and HRH as additional insureds, incorporated by reference all terms and conditions of the underlying policies insuring Cord and Forest. Among the terms and conditions in those policies was language limiting liability coverage for additional insureds to claims specifically "arising out of" work performed for the additionally insured party. Cord's employee allegedly suffered his injury during the course of work performed for the Hotel and HRH, thus obligating American Motorists, on behalf of its primary insured, to undertake the defense of those additional insureds, and to indemnify plaintiffs

for such expenditures to date (*Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 266 AD2d 9).

By contrast, that is not the case with regard to the claims against St. Paul and its insured. The injured worker was not employed by Forest, and thus his activity did not "arise out of" work being performed for the Hotel and HRH by that subcontractor. It may turn out that Forest Electric, by failing to clean up the area, was responsible for the debris that caused the Cord employee's slip and fall, but that remains to be determined in the underlying action. At the present time, under the facts in the record before us, Forest's insurer is under no obligation to defend or indemnify plaintiffs.

Notwithstanding American Motorists' obligation to defend HRH and the Hotel in the underlying injury action, the IAS court held, with respect to defendant Cord, that its contractual obligation to indemnify HRH Construction was not ripe for resolution, inasmuch as the underlying action had yet to be tried. Since Cord was not aggrieved by the order being reviewed herein, its cross appeal must be dismissed. Concur—Williams, P.J., Tom, Rosenberger, Wallach and Marlow, JJ.