■ AIU INSURANCE Co. et al., Respondents, v AMERICAN MOTORISTS INSURANCE Co., Respondent, and ST. PAUL FIRE AND MARINE INSURANCE Co., Appellant, et al., Defendants. [778 NYS2d 479]—

Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 8, 2003, which, in this action for a declaratory judgment, granted summary judgment to defendant American Motorists Insurance Co. (AMI) against defendant St. Paul Fire and Marine Insurance Co. (St. Paul) and declared that St. Paul had the duty to defend plaintiffs in the underlying action, and that St. Paul provide coprimary coverage to plaintiffs and reimburse plaintiff AIU Insurance Co. (AIU) for 50% of the monies it expended in defense of the

underlying action, unanimously reversed, on the law, without costs, the motion and cross motion denied and the declarations vacated.

In September 1997, plaintiff, Hotel Grand Central, LLC (HGC), the owner of the premises located in New York County, entered into a construction contract with plaintiff, HRH Construction Corp. (HRH), as the general contractor for construction and demolition at the project. In October 1997, HRH subcontracted with defendant Forest Electric Corp. (Forest) to perform certain electrical work at the site. As part of the agreement, Forest was to purchase liability insurance in connection with the work it was to perform on the project, and HGC and HRH were to be named as additional insureds. Forest procured insurance from St. Paul, which contained additional insured endorsement and provided coverage for injury or damage arising out of Forest's work at the project. HRH and HGC were subsequently named as additional insureds under this policy.

Subsequently, HRH subcontracted with defendant Cord Contracting Co., Inc. (Cord) to install dry wall and mill work for the project. As part of the agreement Cord procured liability insurance through AMI, also naming HGC and HRH as additional insureds. Plaintiff AIU provided general liability coverage to plaintiffs HRH and HGC.

On April 10, 1998, Cord's employee Anthony Raimo was injured while working when he slipped and fell on "dirt, debris, conduit pipe and other foreign materials." Raimo commenced the underlying action against HGC and HRH in August 1998 and HRH and HGC later commenced a third-party action against Cord and Forest, asserting claims for indemnification and contribution.

In May 1999, AIU, HGC and HRH brought the instant declaratory judgment action against AMI and St. Paul, seeking a declaration that AMI and St. Paul have the primary duty to provide a defense to HRH and HGC in the underlying action. HRH and HGC also sought indemnification. AIU sought a declaration that its policy was an excess policy, and, under that theory sought reimbursement for the monies already expended in the defense of the underlying action. Plaintiffs then moved for summary judgment.

The IAS court, inter alia, granted judgment to plaintiffs as to Forest and Cord and this Court modified, finding that St. Paul's duty to defend and indemnify was dependent upon the resolution of the crucial issue of whether Raimo's injuries "ar[o]se out of" the failure of Forest to remove debris from the subject

work site (*AIU Ins. Co. v American Motorists Ins. Co.*, 292 AD2d 277, 279 [2002]).

Following further discovery, including the deposition testimony of Cord's foreman Dermot Fenlon, plaintiffs again moved for the same relief. Fenlon testified that Raimo had told him that the work area had inadequate lighting, causing him to step on a piece of silver pipe which prompted his fall. Fenlon further testified that Forest, who provided temporary lighting at the work site, used a silver-colored pipe in its work at the project and that he was unaware of any other trade at the project which used that type of pipe. Based upon this new pretrial discovery, the IAS court granted the motion. We reverse.

The IAS court erred in finding, as a matter of law, that Raimo's injury arose out of Forest's work at the project. Fenlon's statement that Raimo told him that the accident was caused by inadequate lighting is hearsay which cannot support a motion for summary relief unless accompanied by other direct evidence (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is undisputed on this record that Fenlon did not go to the area of Raimo's accident and it is not clear whether he actually saw the purported pipe over which Raimo allegedly tripped. Nor did Fenlon's testimony establish, as a matter of law, that the subject silver pipe came from Forest. Fenlon simply testified that he was "unaware" of any other trade at the project that utilized such piping. Indeed, Fenlon was merely an employee of one of the many subcontractors working at the site and not the general contractor, who might be expected to have such knowledge of its subcontractors and their specific work materials. Nor can it be concluded, as a matter of law, that the subject pipe was not placed at the site by an employee of one of the other subcontractors. Under these circumstances, such deficient testimony was legally insufficient to warrant summary relief.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.