**TURNER CONSTRUCTION COMPANY, Plaintiff–Appellant,**

Liberty Mutual Group, Plaintiff,

v.

**KEMPER INSURANCE COMPANY, American Manufacturers Mutual Insurance Co., and Lumbermens Mutual Casualty Company, Defendants–Appellees,**

Nationwide Mutual Insurance Company, Defendant.

No. 05–4195–CV.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Edwin L. Doernberger, Saxe Doernberger & Vita, P.C., Hamden, Connecticut, for Appellant.

Suzanne M. Halbardier, Barry, McTiernan & Moore, New York, New York, for Appellee.

PRESENT: Honorable SONIA SOTOMAYOR, Honorable REENA RAGGI, Circuit Judges, and Honorable MIRIAM GOLDMAN CEDARBAUM, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on May 4, 2005, is hereby VACATED and REMANDED.

Plaintiff Turner Construction Company ("Turner"), which is an "additional insured" under an insurance policy issued to Trident Mechanical Systems, Inc. ("Trident") by American Manufacturers Mutual Insurance Company ("AMMIC") and its excess insurer Lumbermens Mutual Casualty Company ("LMCC") (collectively the "Insurers"), appeals the district court's grant of summary judgment in favor of the Insurers on Turner's claimed rights to indemnification and defense in connection with a fire at Manhattan's Central Synagogue. Turner argues that the district court erred in (1) concluding that its indemnification claim was barred by principles of *res judicata*; and (2) failing, in any event, to recognize the Insurers' legal obligation to pay Turner's defense costs in the Central Synagogue tort action. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. Res Judicata *Does Not Bar Turner's Action*

We review *de novo* a district court's grant of summary judgment and will affirm only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See Frommert v. Conkright,* 433 F.3d 254, 262 (2d Cir.2006); Fed.R.Civ.P. 56(c). We also review *de novo* the district court's application of *res judicata. See Perez v. Danbury Hosp.,* 347 F.3d 419, 426 (2d Cir. 2003).

The insurance policy issued by AMMIC to Trident states in relevant part that "[a]ny person or organization to whom or to which you [Trident] are obligated by virtue of a written contract, agreement or permit to provide such insurance as afforded by this policy is an insured, but only with respect to liability arising out of ... 'Your work' for that insured by you." The district court held—and the parties do not dispute—that AMMIC and its excess insurer LMCC were obligated under this provision to provide insurance to Turner pursuant to the insurance obligations incurred by Trident in its contract with Central Synagogue. The Insurers argue, however, that the policy requires them to indemnify Turner only for liability arising out of Trident's *negligent* work. The district court adopted this interpretation and held that, unless "Trident is [legally] responsible for the damage, no such obligation [to indemnify Turner] is triggered." *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.,* No. 01–2899, 2005 WL 1022429, 2005 U.S. Dist. LEXIS 7644, at *23 (S.D.N.Y. April 29, 2005). Because the jury, in the tort action involving Trident, Turner, and numerous others, had found that Trident was not itself negligent for the fire at

1. The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Central Synagogue, the district court ruled that *res judicata* barred Turner's present action.

■ On appeal, Turner argues that the verdict absolving Trident of negligence in its work at Central Synagogue is irrelevant to the Insurers' duty to indemnify Turner. It asserts that the policy provides for indemnification if Turner's liability arose out of Trident's *work*, not simply Trident's *negligent work*. We agree.

The plain language of the policy at issue is unambiguous. *See Chemical Bank v. Meltzer*, 93 N.Y.2d 296, 303, 690 N.Y.S.2d 489, 493, 712 N.E.2d 656 (1999) (stating that a court "may not rewrite clear and unambiguous contracts"). The Insurers must indemnify Turner for liability "arising out of" Trident's work. The policy broadly defines "work" as "[w]ork or operations performed by [Trident] or on [Trident's] behalf." Thus, the only contract question at issue in Turner's suit is whether its liability "arose out of" Trident's work in providing a heating, ventilation, and air conditioning system for Central Synagogue. Negligence on Trident's part is not a predicate to Turner's recovery.

The New York Court of Appeals has held that the phrase "arising out of" is " 'ordinarily understood to mean originating from, incident to, or having connection with.' " *Maroney v. New York Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472, 805 N.Y.S.2d 533, 536, 839 N.E.2d 886 (2005) (quoting *Aetna Cas. & Sur. Co. v. Liberty Mut. Ins. Co.*, 91 A.D.2d 317, 320, 459 N.Y.S.2d 158, 160 (4th Dep't 1983)). Thus, the phrase "requires only that there be *some* causal relationship between the injury and the risk for which coverage is provided." *Id.* (emphasis added); *see also Consolidated Edison Co. v. Hartford Ins. Co.*, 203 A.D.2d 83, 83, 610 N.Y.S.2d 219, 221 (1st Dep't 1994) (noting that the phrase "arising out of" in the context of an additional insured clause in an insurance policy "focuses not upon the precise cause of the accident ... but upon the general nature of the operation in the course of which the injury was sustained").

The district court found that "the jury [in the tort action] concluded that the fire was not caused or spread by Trident's work." *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.*, 2005 WL 1022429, *——, 2005 U.S. Dist. LEXIS 7644, at *25. The record does not support this finding. It indicates merely that the jury found that Trident was not "negligent" with regard to "its Phase III work at ... Central Synagogue." As a consequence, the jury was instructed not to address the question of proximate cause, with respect to either the start of the fire or its spread. Nor could such a cause determination be inferred from the jury's negligence finding with respect to Trident's Phase III work. Whether a party was "negligent" in its performance of work is a question distinct from whether that work caused an accident or exacerbated the damages of such accident. *See, e.g., Wallace v. Terrell*, 295 A.D.2d 840, 841, 744 N.Y.S.2d 551, 552 (3d Dep't 2002) (noting that liability comprises both negligence and causation).

*AIU Insurance Co. v. American Motorists Ins. Co.*, 8 A.D.3d 83, 778 N.Y.S.2d 479 (1st Dep't 2004), and *AIU Insurance Co. v. American Motorists Ins. Co.*, 292 A.D.2d 277, 740 N.Y.S.2d 296 (1st Dep't 2002), relied on by the Insurers, are not to the contrary. Unlike the district court, we do not read these cases to hold that "without a finding of liability against [the subcontractor], its insurer was not obligated to defend the owner and general contractor." *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.*, 2005 WL 1022429, *——, 2005 U.S. Dist. LEXIS 7644, at *24. Rather, these cases state simply that when a party seeks indemnification as an additional insured

under the insurance policy of a subcontractor, the party may recover only if its liability in some way "arose out of" the subcontractor's work. *See AIU Insurance Co. v. American Motorists Ins. Co.*, 8 A.D.3d at 84–85, 778 N.Y.S.2d at 480 (noting that the case turned on the issue of whether plaintiff's injuries "arose out of" the failure of the subcontractor to remove debris from the subject work area); *see also Greater New York Mutual Insurance Co. v. Mutual Marine Office, Inc.*, 3 A.D.3d 44, 48, 769 N.Y.S.2d 234, 237 (1st Dep't 2003) (holding that a collapsed roof did not "arise out of" plaintiff's parking garage operations but noting that any claim arising out of an incident "relating to" the operation of the parking garage, such as parking or servicing cars, would necessarily "arise out of" the operations).

■ Nor are we persuaded by defendants' arguments that *res judicata* bars Turner's indemnification claim because it could have sought resolution of the "arising out of" question in the tort action. Courts have held that the issue of whether an insured is covered by an insurance policy may be litigated separately from the issue of whether the party was negligent in the underlying tort action, even if both suits arise out of the same operative set of facts. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126–28, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (holding in insurance action that issue of whether a car owner had given his friend "permission" to borrow the car could be litigated separately from issue of whether the friend was the owner's "agent" while driving); *Continental Casualty Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir.1992) (holding that issue of firm's "negligence" could be litigated separately from issue of whether firm's wrongful acts brought it within policy exclusion). Thus, it is not clear that the court in the tort action would have put this insurance coverage question to the jury. In any event, the Insurers never sought to have Trident, their primary insured, seek resolution of the "arising out of" question in the tort case, although they had been sued in the present action before the verdict in the tort case.

In remanding the case to the district court, we nevertheless note that Turner had considerable difficulty at oral argument in identifying those facts that would permit a jury to find that its negligence somehow arose out of Trident's work. Because the record before us does not include the full transcript of the tort trial, we cannot ourselves make this determination. Accordingly, while we conclude that the jury verdict favorable to Trident on the issue of negligence cannot, by itself, absolve the Insurers of indemnification obligations to Turner, we express no opinion as to whether the Insurers might nevertheless be entitled to an award of summary judgment on an alternative ground, specifically, that Turner fails to adduce sufficient evidence to satisfy our more expansive construction of the contract's "arising out of" provision. We leave this matter to further review by the district court.

### 2. The Duty to Defend

As a general rule, we do not consider an issue not passed upon by the district court. *See Booking v. General Star Mgmt. Co.*, 254 F.3d 414, 418–19 (2d Cir.2001). We choose to exercise our discretion to make an exception in this case, because the issue presents a question of law and its proper resolution is clear. *See id.; Baker v. Dorfman*, 239 F.3d 415, 420–21 (2d Cir.2000).

■ The New York Court of Appeals has ruled that "[t]he duty of an insurer to defend its insured arises whenever the allegations within the four corners of the

underlying complaint potentially give rise to a covered claim." *Frontier Insulation Contrs., Inc. v. Merchants Mut. Ins. Co.,* 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 984, 690 N.E.2d 866 (1997). Thus, the duty to defend is broader than the duty to indemnify. *Id.* 91 N.Y.2d at 178, 667 N.Y.S.2d at 986, 690 N.E.2d 866. Here, the tort complaint filed by Central Synagogue alleged that "[t]he fire at Central Synagogue on August 28, 1998, occurred as a result of the negligent acts and omissions of defendant Turner Construction." For reasons already discussed, this claim would be covered if Turner's actions "arose out of" Trident's work, whether or not that work was itself negligently performed. Thus, for the Insurers to be relieved of their duty to defend, they bore "the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Id.* 91 N.Y.2d at 175, 667 N.Y.S.2d at 984–85, 690 N.E.2d 866. They have not met this burden.

We have already rejected the Insurers' argument that Turner's claim falls within the exclusion because Trident was not negligent. They have also failed to show that there is no possible factual basis on which it could be found that Turner's negligent conduct arose out of Trident's work. *See United States Liab. Ins. Co. v. Farley,* 215 A.D.2d 371, 372, 626 N.Y.S.2d 238, 239 (2d Dep't 1995) (affirming denial of insurer's motion for summary judgment because it had "failed to prove that there is no possible factual basis on which it might be required to indemnify the insured pursuant to the policy"). Accordingly, we conclude that defendants were not entitled to an award of summary judgment on Turner's duty to defend claim.

### 3. *Conclusion*

The district court's May 4, 2005 judgment is hereby VACATED and RE-MANDED for further proceedings consistent with this opinion.