SUMMARY ORDER
American Manufacturers Mutual Insurance Company (“AMMIC”) and Lumber-mens Mutual Casualty Company (“LMCC”) (collectively “Kemper”) appeal from a judgment against them ordering that AMMIC pay Turner Construction Company (“Turner”) $944,746.70 and that LMCC pay Turner $9,750,000.00, both *686 with pre-judgment interest at the rate of 9% per annum.
The district court granted summary judgment to Turner. It held that Turner’s liability for a fire at Manhattan’s Central Synagogue “arose out of’ the work of Trident Mechanical Systems, Inc. (“Trident”) and was thus covered by insurance policies that Trident had procured from Kemper. It also ruled that Kemper breached the duty to defend and that Turner was therefore entitled to recovery of reasonable counsel fees and necessary expenses incurred in defense of the underlying negligence action, pre-judgment interest, and any reasonable settlement amount paid. Kemper claims that the district court erred in granting Turner’s motion for summary judgment and denying Kem-per’s motion for summary judgment, and in determining the amount that it awarded to Turner.[1] We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Whether Turner’s Liability Arose Out of Trident’s Work
This Court “review[s] an award of summary judgment de novo, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law.” Global Network Commc’ns, Inc. v. City of N.Y., 562 F.3d 145, 150 (2d Cir.2009).
When this case was previously before our Court, we explained that “the phrase ‘arising out of is ordinarily understood to mean originating from, incident to, or having connection with. Thus, the phrase requires only that there be some causal relationship between the injury and the risk for which coverage is provided.” Turner Constr. Co. v. Kemper Ins. Co., 198 Fed. Appx. 28, 30 (2d Cir.2006) (citations and internal quotation marks omitted) (emphasis in original). Further, the New York Court of Appeals has stated that, “[t]he focus of a clause such as the additional insured clause here is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained.” Worth Constr. Co., Inc. v. Admiral Ins. Co., 10 N.Y.3d 411, 859 N.Y.S.2d 101, 888 N.E.2d 1043, 1046 (2008) (internal quotation marks omitted).
The district court held that Turner’s liability “arose out of’ the work of Trident on the basis that, inter alia, “[t]he fire was started by an employee of the roofing subcontractor, who was working on the roof that had been cut out for the installation of the air conditioning units installed by Trident.” Turner Constr. Co. v. American Mfrs. Mut. Ins. Co., 485 F.Supp.2d 480, 489 (S.D.N.Y.2007). For this reason alone, we affirm the grant of summary judgment in favor of Turner on the basis that Turner’s liability for the fire “arose out of’ the work of Trident and was thus covered by insurance policies that Trident had procured from Kemper.[2]
2. Amount of the Award
Regarding the award, Kemper makes the following arguments: Turner was re *687 quired to prove exhaustion of all primary policies before seeking indemnification from LMCC because LMCC is an excess insurer; the court should have recognized the effect that other insurance policies had on the amount that Kemper owed with respect to the duty to defend; Kemper should have been provided setoffs for monies that Turner had already received from other insurers; and the court improperly awarded interest.
The amount of recoverable damages is a question of fact, but the measure of damages upon which the factual computation is based is a question of law that is reviewed de novo. See Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 196 (2d Cir.2003). We have considered Kemper’s challenges to the award and find them unavailing.
“In order to determine the priority of coverage among different policies, a court must review and consider all of the relevant policies at issue.” BP Air Conditioning Corp. v. One Beacon Ins. Group, 8 N.Y.3d 708, 840 N.Y.S.2d 302, 871 N.E.2d 1128, 1133 (2007). In BP Air Conditioning, the Court of Appeals of New York held that “because none of the other insurance carriers are parties to this declaratory judgment action and no other relevant policies have been submitted, the priority of coverage cannot be determined.” Id. In this case, as the district court noted, no other insurer is currently a party, and issues regarding contribution and the allocation of the costs of defense among insurers should be reserved to proceedings in which those other insurers are parties.
With respect to Kemper’s assertion that it is entitled to setoffs, Kemper did not plead this claim, and then raised the issue only in objecting to entry of the judgment. There was no error in the district court deciding not to allow any setoffs under these circumstances. Cf. Valley Disposal Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 113 F.3d 357, 366 (2d Cir. 1997) (“But without pleading setoff prior to the entry of the final judgment in the present action, or without making some showing such as excusable neglect in support of a Rule 60(b) motion, [defendant] was not entitled to a setoff here.”).
“The decision whether to award prejudgment interest and its amount are matters confided to the district court’s broad discretion, and will not be overturned on appeal absent an abuse of that discretion.” Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 613 (2d Cir.1994). There was no abuse of discretion here, because Turner is entitled to interest on any award for any breach of contract by Kemper under NY. C.P.L.R. 5001(a), which provides that “[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract.”
3. Conclusion
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. Kemper does not, however, contest the district court’s finding that it had a duty to defend Turner.

. Kemper’s argument that its coverage did not extend to Turner’s liability for the fire because a property damage exclusion applied was not properly made below. We see no compelling reason here to diverge from the ’’well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.” Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994).