■ EL-AD 250 WEST LLC, Appellant, v ZURICH AMERICAN INSURANCE COMPANY, Respondent. [13 NYS3d 68]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 30, 2014, which denied plaintiff's motion for partial summary judgment, and granted defendant's motion for partial summary judgment declaring that the builders risk insurance policy defendant issued to plaintiff limited the amount defendant must pay for delay in completion losses caused by the peril of flood to $5 million, and that the policy's flood deductible applied to such payments, unanimously affirmed, with costs.

The plain language of the delay in completion coverage form, which incorporated the policy terms by reference (see *AIU Ins. Co. v American Motorists Ins. Co.*, 292 AD2d 277, 278 [1st Dept 2002]), applied the $5 million flood sublimit to "all" losses, including nonphysical damage losses, such as those resulting from a delay in completion. Reading the coverage in such a way as to find that flood losses do not apply to delay in completion losses would render the flood limit meaningless with respect to that coverage (see *Executive Risk Indem., Inc. v Starwood Hotels & Resorts Worldwide, Inc.*, 98 AD3d 878, 881 [1st Dept 2012], *lv denied* 21 NY3d 851 [2013]; *see also Altru Health Sys. v American Protection Ins. Co.*, 238 F3d 961, 964 [8th Cir 2001] [applying flood coverage sublimit to business interruption and extra expense coverages]; *Gilbert/Robinson, Inc. v Sequoia Ins. Co.*, 655 SW2d 581, 586 [Mo Ct App 1983] [finding flood endorsement's limit applied to reduce business interruption coverage]).

In light of the policy language, plaintiff's contention that the flood limit applies solely to losses resulting from physical damage, is unavailing. The fact that the main policy and the coverage form may have separate deductibles or coverage periods pertains to the type of losses at issue, and does not preclude a single overriding flood limit. Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.