■ JAMES FOUNTAIN, Respondent, v DANIEL ANTHONY FERRARA, ESQ., et al., Appellants. [987 NYS2d 55]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered June 11, 2013, which, to the extent appealed from, denied so much of defendants' motion for summary judgment as sought dismissal of plaintiff's claim for legal malpractice, unanimously affirmed, without costs.

Plaintiff's deposition testimony that he was employed by a nursing home in 1998 when he was arrested, together with his bill of particulars, were sufficient to raise a triable issue of fact as to whether he sustained pecuniary losses resulting from the alleged legal malpractice (*see D'Agrosa v Newsday, Inc.*, 158 AD2d 229, 238 [2d Dept 1990]).

Defendants failed to preserve their argument that plaintiff may not rely upon his deposition testimony since such deposition was taken in an action in which they were not parties and were not represented (*see Matter of Brodsky v New York City Campaign Fin. Bd.*, 107 AD3d 544, 545 [1st Dept 2013]). In any event, the argument is unavailing, since defendants' absence at the time of the deposition merely renders the deposition transcript hearsay as to them (*see Rugova v Davis*, 112 AD3d 404 [1st Dept 2013]), and "hearsay evidence may be considered to defeat a motion for summary judgment as long as it is not the only evidence submitted in opposition" (*O'Halloran v City of New York*, 78 AD3d 536, 537 [1st Dept 2010]). Here, plaintiff also submitted his bill of particulars, and "factual allegations

contained in a verified bill of particulars . . . may be considered in opposition to a motion for summary judgment" (*Johnson v Peconic Diner*, 31 AD3d 387, 388 [2d Dept 2006]). Concur—Tom, J.P., Renwick, Andrias and Freedman, JJ.