City of New York v Catlin Specialty Ins. Co. (2018 NY Slip Op 01283)





City of New York v Catlin Specialty Ins. Co.


2018 NY Slip Op 01283


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5823 452440/14

[*1]The City of New York, Plaintiff-Appellant,
v
Catlin Specialty Insurance Company, Defendant, Security Fence Systems, Inc., Defendant-Respondent.
Security Fence Systems, Inc., Third-Party Plaintiff-Respondent,
v
Omni Risk Management, Inc. Third-Party Defendant.


Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for appellant.
Dealy Silberstein & Braverman, LLP, New York (Marc D. Braverman of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered June 2, 2016, insofar as appealed from as limited by the briefs, denying plaintiff's motion for summary judgment on the cause of action for breach of contract for failure to procure insurance, granting defendant Security Fence Systems, Inc.'s cross motion for summary judgment and dismissing the complaint as against it, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion granted to the extent it seeks defense costs in the underlying litigation, and Security Fence's cross motion denied.
Plaintiff (the City) seeks to recover from defendant Security Fence the costs of defending and settling an action brought against it in Richmond County for personal injuries sustained at the fire department's Staten Island Central Office allegedly as a result of a slip and fall on a temporary plywood walkway that was warped, unsecured, and slippery due to snow and ice. It is undisputed that Security Fence failed to procure insurance covering the City for liability arising from Security Fence's snow removal operations not involving a snow plow at the Staten Island office.
The notice of claim, complaint, and amended complaint in the Richmond County action allege that snow and ice were among the causes of the plaintiff's fall. These allegations bring the City's claim within the scope of the coverage that Security Fence agreed, but failed, to procure, and entitle the City to a defense in the Richmond County action (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]; W & W Glass Sys., Inc. v Admiral Ins. Co., 91 AD3d 530, 531 [1st Dept 2012]). Therefore, the City may recover from Security Fence its defense costs in that action (Morel v City of New York, 192 AD2d 428, 429 [1st Dept 1993]; see also Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114 [2001]).
However, whether the City is entitled to indemnification is determined not by the allegations in the underlying pleadings but by the "actual basis" for the City's liability to the plaintiff (Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424, 425 [*2][1985]). From the "actual facts" of the plaintiff's accident (id. at 425), it cannot be determined as a matter of law whether the accident arose from Security Fence's snow removal operations and was within the scope of the coverage that Security Fence agreed to procure or arose from some other defect of the plywood and was outside the scope of the required coverage. The plaintiff testified that he never noticed any snow, ice, moisture, or slippery condition on the plywood, and attributed the cause of his slip and fall to the sagging, unsecured condition of the plywood. However, issues of fact are presented by photographs showing snow and ice on the walkway and an accident report attributing the fall to an "unforeseen layer of ice [that] had formed on top of the plywood." Insofar as the accident report is hearsay, it may be considered in opposition to
Security Fence's motion for summary judgment because it was not the only evidence submitted in opposition (Fountain v Ferrara, 118 AD3d 416 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK