**Quinn v BP 399 Park Ave. LLC**

2024 NY Slip Op 33916(U)

November 4, 2024

Supreme Court, New York County

Docket Number: Index No. 157504/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PAUL A. GOETZ** | PART 47 |
| *Justice* | |

---------------------------------------------------------------------------------X

CORMAC QUINN,

                            Plaintiff,

                - v -

BP 399 PARK AVENUE LLC, BOSTON PROPERTIES
LIMITED PARTNERSHIP, TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK, HALLEN WELDING
SERVICE, INC.,

                            Defendants.

| INDEX NO. | 157504/2019 |
|---|---|
| MOTION DATE | 04/05/2024, 04/09/2024, 04/09/2024 |
| MOTION SEQ. NO. | 001 002 003 |

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HALLEN WELDING SERVICE, INC.

                            Plaintiff,

                -against-

JAMES F. VOLPE ELECTRICAL CONTRACTING CORP.,
NEAD ELECTRIC INC.

                            Defendants.

Third-Party
Index No. 595942/2021

---------------------------------------------------------------------------------X

BP 399 PARK AVENUE LLC, BOSTON PROPERTIES
LIMITED PARTNERSHIP, TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK

                            Plaintiffs,

                -against-

NEAD ELECTRIC INC.

                            Defendant.

Second Third-Party
Index No. 595106/2022

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 202, 205, 209, 210, 211, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 254, 255, 269, 271, 272

**157504/2019  QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 1 of 22**

[* 1]

were read on this motion to/for              PARTIAL SUMMARY JUDGMENT    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 203, 206, 247, 248, 249, 250, 251, 252, 253, 262, 263, 267, 268

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 204, 207, 212, 213, 214, 256, 257, 258, 259, 260, 264, 265, 266

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

This is an action to recover damages for personal injuries allegedly sustained by a construction worker on December 1, 2017, when, while working at a construction site located at 399 Park Avenue, New York, New York (the "Premises"), a staircase railing fell, struck him, and pinned him against a scaffolding.

In motion sequence 001, plaintiff Cormac Quinn moves, pursuant to CPLR § 3212, for summary judgment in his favor as to liability on his Labor Law § 240(1) claim as against defendants, BP 399 Park Avenue LLC ("BP 399"), Boston Properties Limited Partnership ("BPLP") (BP and BP 399 collectively the "BP Defendants"), Tishman Construction Corporation ("TCC"), and Tishman Construction Corporation of New York ("TCCNY") (TCC and TCCNY together the "Tishman Defendants") (Tishman Defendants and BP Defendants collectively "BP/Tishman").

In a cross-motion on motion sequence 001, Defendant / Third-Party Plaintiff, Hallen Welding Service, Inc. ("Hallen") moves pursuant to CPLR § 3212 for summary judgment in its favor, seeking an order dismissing the complaint as against it. Hallen also seeks summary judgment in its favor as to liability on its common law indemnification claim as against Third-Part defendant, NEAD Electric Inc. ("NEAD").

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC                          Page 2 of 22
  Motion No.  001 002 003

2 of 22

[* 2]

In motion sequence 002, BP/Tishman defendants moves pursuant to CPLR § 3212 for summary judgment in their favor and seek an order dismissing the complaint as against them. BP/Tishman also seeks summary judgment on their contractual indemnification, and common law indemnification claims as against NEAD. In a cross-motion on motion sequence 002, plaintiff moves pursuant to CPLR §§ 3025 and 3042(b) for leave to serve an amended Bill of Particulars to allege specific Industrial Code violations to support his Labor Law § 241(6) claim.

In motion sequence 003, Third-Party defendants / Second Third-Party defendants, NEAD moves pursuant to CPLR § 3212 for summary judgment in its favor, dismissing the third-party complaint, and the second-third party complaint as against it.

## BACKGROUND

BP 399 owns the property located at 399 Park Avenue, New York, New York (NYSCEF Doc No 152 ¶ 2). BPLP is the business management company for the Premises (*id*.). BP 399 contends that they hired non-party, Tishman Interiors Corporation d/b/a AECOM TISHMAN ("Tishman Interiors") as the construction manager for a construction project on the Premises (*id*. at ¶ 3). Plaintiff contends that Tishman Interiors is one of TCC and TCCNY's tradenames, so the Tishman defendants are all the construction manager of the project.

The Tishman Construction Manager hired Hallen, as a structural steel subcontractor for the project (*id*. at ¶ 6). Hallen was responsible for structural streel framing, the construction of new stairways on the 13th and 14th floors of the project, and installing railings (*id*.). The Tishman Construction manager also hired NEAD (*id*. at ¶ 7), as an electrical subcontractor for the project. NEAD was responsible for installing lights, smoke systems, fire alarms, and other general electrical work on the 13th and 14th floors of the project (NYSCEF Doc No 152 ¶ 7). The Tishman Construction Manager also hired non-party, and plaintiff's employer, Commodore

**157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 3 of 22**

3 of 22

Construction Corp. ("Commodore"), as the concrete subcontractor for the project (*id*. at ¶ 1, 8)..
Commodore was responsible for pouring concrete floors and stairs, installing concrete curbs for
waterproofing located around various door openings or against sheetrock, and some patchwork
on the 13th and 14th floors of the project (*id* at ¶ 8).

On December 1, 2017, at 7:00 AM, plaintiff was working on the 13th floor directing and
overseeing the concrete work being done by his team, specifically, building concrete curbs
(NYSCEF Doc No 219 ¶ 28). Plaintiff left the 13th floor and proceeded to the stairwell in
between the 12th and 13th floors to talk to Tishman superintendent Brian Feeney (*id*. at ¶ 30).
Plaintiff then ascended the stairs between the 12th and 13th floor when a staircase handrail fell,
struck him, and pinned him against a scaffolding (NYSCEF Doc No 181 ¶ 10). The staircase
handrail that fell on plaintiff was owned by Hallen, which they were to install as part of their
contracted work with Tishman (*id*. at ¶ 24). Plaintiff testified that while he did not at the time
know what caused the handrail to fall, he was later informed that a NEAD employee bumped
into the railing knocking it over (NYSCEF Doc No 133 at 40:22 – 41:18).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima
facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to
demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060,
1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make
such showing requires denial of the motion, regardless of the sufficiency of the opposing
papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations
omitted]). "Once such a prima facie showing has been made, the burden shifts to the party

**157504/2019  QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**                    **Page 4 of 22**
**Motion No.  001 002 003**

4 of 22

opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). "The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

*Labor Law defendants*

As a preliminary matter, the Tishman defendants argue that they are not proper Labor Law defendants because the entity which contracted for the injury producing work was non-party Tishman Interiors and not TCC nor TCCNY. Tishman defendants note that the general contractor agreement is between BP 399 and Tishman Interiors (NYSCEF Doc No 167). They also note that in his EBT testimony, Brian Feeney, the Tishman superintendent on site stated that his employer is Tishman Interiors (NYSCEF Doc No 173 at 42:19 – 42:25). However, Feeney also testified that he was "presently employed by Tishman Construction" (*id*. at 7:8 – 7:10). Further, the insurance policy at the premises was issued to Tishman Construction Corporation (NYSCEF Doc No 250). Considering that Tishman uses these different entity names interchangeably, and that there is no dispute that Tishman Interiors was the general contractor of the project, the Tishman defendants are proper Labor Law defendants and the claims against them will not be dismissed based on these grounds.

Hallen also argues that it is not a proper Labor Law defendant because it was neither an owner, nor a general contractor, but rather a subcontractor. It further argues that the Legislature

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC                    Page 5 of 22
Motion No.  001 002 003

5 of 22

[* 5]

did not intend to expose liability to subcontractors who were not on the property when the plaintiff was injured.

However "[a] party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Mitchell v 148th St. Jamaica Condominium*, 221 AD3d 596, 598 [2d Dept 2023]). Here, the plaintiff was injured when a Hallen owned railing fell from an area where Hallen was hired to install the railing. Since Hallen had control and authority over the area where they were contracted to install the railing, it is an agent of the owners, and general contractor and thus it too is a proper Labor Law defendant.

*Labor Law § 240(1) Summary Judgment Standard*

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240(1) claim because there are no triable issues of fact as to the BP/Tishman defendants' liability. He argues that these defendants are proper Labor Law defendants, and that he was injured due to an elevation differential related risk as contemplated by Labor Law § 240(1). BP/Tishman argue that plaintiff's alleged accident is not of the type that is protected by Labor Law § 240(1). They contend that plaintiff was not engaged in work at the time of the incident, that the railing that struck plaintiff was not required to be secured, and that the accident was not related to the effects of gravity. Hallen adopts BP/Tishman's argument that plaintiff was not engaged in protected activity at the time of the alleged incident, and Hallen further argues and adopts BP/Tishman's argument the railing was not required to be secured.

Labor Law § 240 (1), also known as the Scaffold Law, provides, as relevant:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists,

> stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Labor Law § 240 (1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022] [internal quotation marks and citations omitted]). It "was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found within section 240 "is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*O'Brien v. Port Auth. of N.Y. & N.J.,* 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]). In addition, Labor Law § 240 (1) "must be liberally construed to accomplish the purpose for which it was framed" (*Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693, 695 [2d Dept 2006] [internal citations omitted]).

But not every worker who is injured at a construction site is afforded the protections of Labor Law § 240 (1), and "a distinction must be made between those accidents caused by the failure to provide a safety device . . . and those caused by general hazards specific to a workplace" (*Makarius v Port Auth. of N.Y. & N. J.*, 76 AD3d 805, 807 [1st Dept 2010]; *Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [1st Dept 2007] [section 240 (1) "does not cover the type of ordinary and usual peril to which a worker is commonly exposed at a construction site"). Liability "is contingent upon the existence of a hazard contemplated in

**157504/2019 QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No. 001 002 003**

**Page 7 of 22**

[* 7]

section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]).

Therefore, to prevail on a section 240 (1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

### a. Protected Activity

BP/Tishman and Hallen defendants argue that plaintiff was not engaged in protected activity under Labor Law § 240(1) and therefore they cannot be held liable for his injuries. They argue that because plaintiff was performing an inspection when his injury occurred and was not actively engaged in construction work, that he is not entitled to Labor Law § 240(1) protection. Plaintiff argues that he was protected by the statute because even though he was performing an inspection at the time of the accident this work was directly related to the overall construction project and is covered activity within the liberal interpretation of Labor Law § 240(1).

"While the reach of section 240 (1) is not limited to work performed on actual construction sites the task in which an injured employee was engaged must have been performed during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [internal citation omitted]). Injuries that happen during work that is "merely investigatory" and not connected to the "activities enumerated in the statute" will not result in Labor Law § 240(1) liability (*id*). However, inspections that are "an integral part of the [construction] work … [are] covered activity under Labor Law § 240(1) (*Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 10 [1st Dept 2011]).

**157504/2019  QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**  **Page 8 of 22**
Motion No.  001 002 003

8 of 22

Here, plaintiff was on the jobsite directing and overseeing concrete work on the Premises for nine months prior to his accident. In *Martinez*, the plaintiff was an asbestos inspector who was injured in an accident prior to the commencement of any construction work (*Martinez*, 93 NY2d at 326). Here, in contrast plaintiff was involved in an ongoing construction project and the fact that he was injured when examining a separate part of the ongoing project, rather than the direct location Commodore was performing cement work, does not free defendants from liability. In *Morales v Spring Scaffolding Inc.*, the First Department held that Labor Law § 240(1) applies even though plaintiff was on his lunch break at the time the accident occurred (*Morales v Spring Scaffolding, Inc.*, 24 AD3d 42 [1st Dept 2005]). Here, considering that that "public policy protecting workers requires that the statutes in question be construed liberally to afford the appropriate protections to the worker", plaintiff was engaged in protected activity during his accident and his motion for summary judgment will not fail on these grounds (*Kosavick v Tishman Const. Corp. of New York*, 50 AD3d 287, 288 [1st Dept 2008]).

   b.  *Gravity Related Hazard*

BP/Tishman defendants argue that plaintiff's injury was not the result of a gravity related hazard as required by statute. They argue that the accident was caused not by gravity, but by the transfer and release of kinetic energy, which cannot lead to Labor Law § 240(1) liability. They, joined by Hallen, also argue that the railing in question was not an object that required securing as required for Labor Law § 240(1) to apply.

"In order to recover under section 240 (1) the hazard to which plaintiff was exposed must have been one directly flowing from the application of the force of gravity to an object or person" (*Medina v City of New York*, 87 AD3d 907, 909 [1st Dept 2011]). Accidents which occur due to the creation of tension and build up and release of kinetic energy are not the result

**157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 9 of 22**

9 of 22

[* 9]

of gravity and thus not recoverable under Labor Law § 240(1) (see *Bucci v City of New York*, 223 AD3d 453 [1st Dept 2024]; see also *Medina*, 87 AD3d 907).

BP/Tishman argue that the plaintiff's accident was the result of a build up of kinetic energy because a NEAD employee struck the railing, propelling it forward and causing it to fall. However here, there was no build up of tension and kinetic energy as there was in *Bucci* and *Medina*. In *Medina*, the plaintiff was injured when a section of railing that was under significant compression tension and was not properly anchored, snapped and sprung upward striking the plaintiff (*id*. at 907). In *Bucci* a "steel cable struck plaintiff when a moving truck snagged the strung cable, creating tension and built-up kinetic energy" (*Bucci*, 223 AD3d at 454). Here however, while an outside force did initiate the momentum which propelled the handrail forward, the injury was caused by the handrail falling from an elevated level and thus flows "from the application of the force of gravity to an object" (*Medina*, 87 AD3d at 909). Therefore, plainitff's motion for summary judgment cannot fail on these grounds.

However, while gravity was the injury producing force in this incident "section 240(1) does not automatically apply simply because an object fell and injured a worker" (*Fabrizi v 1095 Ave. of Americas, L.L.C.*, 22 NY3d 658, 663 [2014]). "Essentially, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured or required securing for the purposes of the undertaking" (*id*. at 662-63). "What is essential to a conclusion that an object requires securing is that it present a foreseeable elevation risk in light of the work being undertaken" (*Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 269 [1st Dept 2007]). "[I]t is irrelevant for purposes of Labor Law § 240 (1) whether the object that should have been secured related to plaintiff's own work" (*Grigoryan v 108 Chambers St. Owner, LLC*, 204 AD3d 534 [1st Dept 2022]). In *Outar v City of New York*, the Court of Appeals held that an

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Page 10 of 22
Motion No.  001 002 003

10 of 22

unsecured dolly which fell from the top of a bench wall "was an object that required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]).

Here, the railing was unsecured leaning against a wall at the top of a stairwell ledge. The railing was between 100-200 pounds and fell from the ledge when it was allegedly struck by a NEAD employee. As in *Outar*, the railing was an "object that required securing" for Labor Law § 240(1) liability. Considering the weight of the railing, the relatively small area where it was being stored, and the well trafficked area, "it present[ed] a foreseeable elevation risk in light of the work being undertaken" and required securing (*Buckley*, 44 AD3d at 269).

Therefore, since plaintiff has established that Labor Law § 240(1) was violated, and there is no dispute that the violation was the proximate cause of his injuries, plaintiff is entitled to summary judgment on his Labor Law § 240(1) cause of action. Accordingly, plaintiff's motion for summary judgment on liability for his Labor Law § 240(1) claim will be granted and BP/Tishman's motion, and Hallen's cross-motion for summary judgment dismissing the claim will be denied.

*Common Law Negligence / Labor Law § 200*

BP/Tishman argue that they are entitled to summary judgment on plaintiff's Labor Law § 200 and common law negligence claims because they did not control or supervise plaintiff's work, nor did they have notice of any allegedly defective condition. Hallen argues that the Labor Law § 200 and common law negligence claims against them must be dismissed because they did not owe the plaintiff a duty of care.

Labor Law § 200(1) states that:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places.

**157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 11 of 22**

11 of 22

> All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section.

"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2d Dept 2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*id*. at 61)."Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id*.). When the defect which causes an injury is a temporary piece of equipment then the means and methods analysis is proper (see *Cappabianca v Skanska USA Bldg. Inc*., 99 AD3d 139 [1st Dept 2012] [finding that a protruding bolt which was not removed after a temporary installation was removed was not a "defect inherent in the policy" and a means and method analysis was used]).

In contrast for a claim arising "out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had … unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id*.). Further, "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 611 [2d Dept 2003]). "Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]).

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Motion No.  001 002 003

Page 12 of 22

"To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a [defendant] must have actually exercised supervision and control over the work performed at the site" (*McLeod v Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day Saints*, 41 AD3d 796, 798 [2d Dept 2007]). "General supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability" (*id*.). "In order to impose liability upon it, a [defendant] must have had the authority to control the activity bringing about the injury so as to enable it to avoid or correct an unsafe condition." (*id*.).

Here, because the alleged injury was not caused by an inherent defect in the property, the means and methods analysis will be used. While BP/Tishman submit both their own and plaintiff's testimony which states that they did not exercise any control over plaintiff's work, this is insufficient to meet their *prima facie* burden on summary judgment. BP/Tishman defendants would also need to submit evidence that they did not control or supervise Hallen or NEAD's work since Hallen allegedly left the railing in a precarious position, and NEAD allegedly knocked it over causing plaintiff's injuries. Accordingly, since BP/Tishman have not met their burden of establishing they did not have control over the means and methods of the injury-producing work, the portion of their motion for summary judgment on plaintiff's Labor Law § 200 and common law negligence will be denied.

As for Hallen's cross-motion, it argues that it did not owe a duty to plaintiff because there is no contractual agreement between plaintiff and Hallen. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party (*Espinal v Melville Snow Contractors, Inc.*, 98 NY2d 136, 138 [2002]). "[A] a contractual obligation, standing alone, will generally not give rise

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Motion No.  001 002 003

Page 13 of 22

13 of 22

to tort liability in favor of a third party" (*id.*). However, "tort liability to a third person may arise where the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good" (*id.* at 139). A plaintiff can show that a defendant "launched an instrument of harm" upon a "showing that the contractor left the premises in a more dangerous condition than he or she found them" (*Rudloff v Woodland Pond Condominium Ass'n*, 109 AD3d 810, 811 [2d Dept 2013]).

Here, Hallen has failed to establish that it did not owe a duty of care to plaintiff because while it was not working on the premises the day of the accident, the manner in which the railings were stored raises an issue of fact as to whether Hallen left the premises in a more dangerous condition than it found it. Accordingly, Hallen's cross-motion to dismiss the common law negligence and Labor Law § 200 claims as against it are denied.

*Labor Law § 241(6)*

BP/Tishman in their motion, and Hallen in its cross-motion argue that the Labor Law § 241(6) claims must be dismissed against them because plaintiff has failed to identify a Industrial Code section which was violated to provide the basis for Labor Law § 241(6) liability.

Labor Law § 241(6) states:

> All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2d Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id.*). While, for a Labor Law § 200 claim "arising out of the means and methods of the work, the defendants must have exercised their authority to control the work in which the plaintiff was engaged … liability pursuant to Labor Law § 241(6) can attach regardless of such control" (*Ortega v Everest Realty LLC*, 84 AD3d 542, 545 [1st Dept 2011]).

A plaintiff is required to establish a breach of a provision of the Industrial Code, which gives a specific, positive command (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]). A provision of an industrial code which gives "a general directive … cannot serve as a predicate for liability under Labor Law § 241(6)" (*Garcia v 95 Wall Assoc., LLC*, 116 AD3d 413, 413 [1st Dept 2014]).

Here, in plaintiff's opposition to the summary judgment motion he addresses four Industrial Code provisions which he alleges defendants violated. These provisions are Industrial Code §§ 23-1.7(a)(1); 23-1.7(a)(2); 23-2.1(a)(1); and 23-2.1(a)(2). While plaintiff alleged additional provisions in his Bill of Particulars, plaintiff concedes that those are not viable and they will be deemed abandoned.

*Industrial Code § 23-1.7*

Industrial Code § 23-1.7(a)(1) and (a)(2) state:

**157504/2019 QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No. 001 002 003**

**Page 15 of 22**

15 of 22

[* 15]

(a) Overhead hazards.

(1) Every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection. Such overhead protection shall consist of tightly laid sound planks at least two inches thick full size, tightly laid three-quarter inch exterior grade plywood or other material of equivalent strength. Such overhead protection shall be provided with a supporting structure capable of supporting a loading of 100 pounds per square foot.

(2) Where persons are lawfully frequenting areas exposed to falling material or objects but wherein employees are not required to work or pass, such exposed areas shall be provided with barricades, fencing or the equivalent in compliance with this Part (rule) to prevent inadvertent entry into such areas.

This section is "is inapplicable [when] the area where the accident occurred was not normally exposed to falling material or objects" (*Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 965 [2d Dept 2013]). BP/Tishman in their motion, and Hallen in its cross-motion argue that the area the accident took place was not normally exposed to falling objects. BP/Tishman submit deposition testimony of a NEAD employee who stated that there had been no previous incidents of items falling in this area for the last 4-6 weeks (NYSCEF Doc No 176 at 46:13 – 46:22). Plaintiff failed to submit any evidence showing that this area was normally exposed to falling material or objects. Accordingly, plaintiff's Labor Law § 241(6) cause of action predicated upon Industrial Code § 23-1.7 will be dismissed.

*Industrial Code § 23-2.1*

Industrial Code § 23-2.1 states:

(a) Storage of material or equipment.

(1) All building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare.

(2) Material and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold. Material and equipment shall not be placed or stored so close to any

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Motion No.  001 002 003

Page 16 of 22

edge of a floor, platform or scaffold as to endanger any person beneath such edge.

As a preliminary matter, plaintiff identified Industrial Code § 23-2.1 for the first time on his opposition to and cross-motion on MS #2 and asks the court for leave to amend his Bill of Particulars to include Industrial Code § 23-2.1 as a predicate to his Labor Law § 241(6) claim. While a belated allegation that defendants violated an Industrial Code violation will not be considered if it alleges new facts brought up for the first time on the motion, a belated allegation "does not require dismissal of the claim, [when] it entail[s] no new factual allegations, raise[s] no new theories of liability, and cause[s] no prejudice to defendants" (*Leveron v Prana Growth Fund I, L.P.*, 181 AD3d 449, 450 [1st Dept 2020]).

Here, plaintiff's theory of the case, supported by allegations in his bill of particulars and his deposition testimony has consistently been that the handrail was improperly stored near the staircase ledge which endangered workers below that ledge. Thus, defendants cannot claim prejudice or surprise by the newly invoked Industrial Code violation.

Here, the handrails were stored in an unsafe manner close enough to the edge of the stairwell that they were caused to fall when they were bumped into, establishing a violation of Industrial Code § 23-2.1. Notwithstanding, that plaintiff did not move for summary judgment on his Labor Law § 241(6) cause of action, the court "has the power to [search the record and] grant summary judgment to a nonmoving party predicated upon a motion for that relief by another party" (*State Farm Fire and Cas. Co. v Browne*, 12 AD3d 361, 362 [2d Dept 2004]). Accordingly, plaintiff will be granted summary judgment on his Labor Law § 241(6) claim as predicated upon Industrial Code § 23-2.1.

**157504/2019  QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 17 of 22**

*Contractual Indemnification*

BP/Tishman argues that NEAD owes them full contractual indemnification based upon a clause in the trade contract between Tishman and NEAD. NEAD argues that there is no evidence that the injuries arose out of acts or omissions by NEAD and thus the indemnification clause has not been triggered.

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Karwowski v 1407 Broadway Real Estate, LLC*, 160 AD3d 82, 87-88 [1st Dept 2018], quoting *Drzewinski* v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]; *see also Tonking* v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]).

"In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1st Dept 1999]; *see also Lexington Ins. Co. v Kiska Dev. Group LLC,* 182 AD3d 462, 464 [1st Dept 2020][denying summary judgment where indemnitee "has not established that it was free from negligence"]). Moreover, unless the indemnification clause explicitly requires a finding of negligence on behalf of the indemnitor, "[w]hether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia*, 259 AD2d at 65).

Here, the indemnification provision states:

> To the fullest extent permitted by law, the Contractor shall indemnify, defend, and hold harmless the Owner, Construction Manager, such other indemnitees as may be defined by the applicable Task Order, … from and against all claims or causes of action, damages, losses and expenses, … arising out of or resulting from the acts or omissions of Contractor or anyone for whose acts Contractor may be liable in connection with the Contract Documents, the performance of, or failure to perform, the Work, or

157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Motion No.  001 002 003

Page 18 of 22

the Contractors operations, including the performance of the obligations set forth in this Clause.

(NYSCEF Doc No 191)

Here, the indemnity provision is only triggered if the injury arose out of an act or an omission by a NEAD employee. NEAD argues that there is no admissible evidence that a NEAD employee was the person who bumped into the railing causing it to fall. NEAD argues that BP/Tishman's motion and opposition to their motion is based on hearsay evidence by plaintiff. "[H]earsay evidence may be considered to defeat a motion for summary judgment as long as it is not the only evidence submitted in opposition" (*Fountain v Ferrara*, 118 AD3d 416, 416 [1st Dept 2014]). Plaintiff testified that he was told that an electrician pushing a cart knocked over the handrail which fell on him (NYSCEF Doc No 183 at 81:1 – 81:17). If this was the only evidence submitted in support of BP/Tishman's opposition then NEAD would be entitled to dismissal of the contractual indemnification claim, as plaintiff's testimony consists of hearsay.

However, BP/Tishman also submit the testimony of Commodore employee, Gabriel Martinez, who testified that he witnessed two workers, who he believed to be electricians due to the material they were moving, push a cart into the handrail causing it to fall (NYSCEF Doc No 188 at 25:7 – 27:20). They also submit the testimony of NEAD foreman, John Depetris, who testified that NEAD used the type of carts that allegedly bumped into the handrail on the premises (NYSCEF Doc No 187 at 108:8 – 108:14). However, Depertis further testified that there was no reason a NEAD employee should have been passing through the area where the handrails were stored with a cart (*id*. at 109:11 – 109:19).

There is a triable issue of fact as to whether NEAD was responsible for an "act or omission" which caused plaintiff's injury. While, NEAD also argues that the contractual indemnification provision does not cover all of the BP/Tishman entities, for the same reasons

157504/2019  QUINN, CORMAC vs. BP 399 PARK AVENUE LLC
Motion No.  001 002 003

Page 19 of 22

19 of 22

[* 19]

stated above, the Tishman defendants operated as the Construction Manager on the premises and therefore would be entitled to contractual indemnification if this provision is triggered by an act or omission by NEAD.

Accordingly, since there is a triable issue of fact regarding NEAD's involvement with the incident, both BP/Tishman's (MS #2) and NEAD's (MS #3) motions for summary judgment on the contractual indemnification claim must be denied.

*Common Law Indemnification*

Hallen argues in its cross-motion to MS #1 and BP/Tishman argue in MS #2 that they are entitled to summary judgment on their common law indemnification claim as against NEAD arguing that NEAD's negligence is responsible for plaintiff's injury. NEAD argues in MS #3 that it is entitled to summary judgment on the common law indemnification claims as against it because as with its argument for the contractual indemnification claim, there is no evidence that it was negligent. NEAD further argues that Hallen has not established that it was not negligent, which is a requirement for a common law indemnification claim.

"In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority to direct, supervise, and control the work giving rise to the injury" (*Mohan v Atl. Ct., LLC*, 134 AD3d 1075, 1078-79 [2d Dept 2015]).

Here, as stated above there is a question of fact regarding NEAD's involvement in the incident. Additionally, Hallen has failed to establish that they were free from negligence regarding their storage of the handrails at the top of the staircase. Accordingly, BP/Tishman,

**157504/2019 QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No. 001 002 003**

**Page 20 of 22**

20 of 22

Hallen, and NEAD's motions for summary judgment on their common law indemnification claims will be denied.

Accordingly it is,

ORDERED that plaintiff's motion (MS #1) seeking summary judgment on his Labor Law § 240(1) cause of action as against BP/Tishman is granted on liability only; and it is further

ORDERED that plaintiff is granted summary judgment as against, BP/Tishman and Hallen on his Labor Law § 241(6) claim predicated upon Industrial Code § 23-2.1; and it is further

ORDERED that the portion of BP/Tishman's motion (MS #2) for summary judgment on plaintiff's Labor Law § 240(1), Labor Law § 200, and common law negligence claim is denied; and it is further

ORDERED that the portion of BP/Tishman's motion (MS #2) for summary judgment on plaintiff's Labor Law § 241(6) claim predicated upon Industrial Code § 23-1.7 is granted; and it is further

ORDERED that plaintiff's cross-motion on MS #2 to amend his Bill of Particulars to include a Labor Law § 241(6) claim predicated upon Industrial Code § 23-2.1 is granted; and it is further

ORDERED that the portion of BP/Tishman's motion (MS #2) for summary judgment on plaintiff's Labor Law § 241(6) claim predicated upon Industrial Code § 23-2.1 is denied; and it is further

ORDERED that the portion of BP/Tishman's motion (MS #2) for summary judgment on their common law indemnification and contractual indemnification claims as against NEAD is denied; and it is further

**157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**                    **Page 21 of 22**
   **Motion No.  001 002 003**

21 of 22

ORDERED that Hallen's cross-motion on MS #1 for summary judgment on plaintiff's Labor Law § 240(1), Labor Law § 241(6) claim predicated upon Industrial Code § 23-2.1,Labor Law § 200, and common law negligence claims are denied; and it is further

ORDERED that Hallen's cross-motion on MS #1 for summary judgment on plaintiff's Labor Law § 241(6) claim predicated upon Industrial Code § 23-1.7 is granted; and it is further

ORDERED that Hallen's cross-motion for summary judgment on its common law indemnification claim as against NEAD is denied; and it is further

ORDERED that NEAD's motion (MS#3) for summary judgment dismissing the contractual indemnification and common law indemnification claims made against them by BP/Tishman is denied; and it is further

ORDERED that NEAD's motion (MS#3) for summary judgment dismissing the common law indemnification claims made against them by Hallen is denied.

2024110411084OPGOETZ11AB2B6F6DFA7AB56AD4D8ECD9FB963A4

**11/4/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157504/2019   QUINN, CORMAC vs. BP 399 PARK AVENUE LLC**
**Motion No.  001 002 003**

**Page 22 of 22**

[* 22]