[871 NE2d 1128, 840 NYS2d 302]

BP Air Conditioning Corp., Respondent, v One Beacon Insurance Group, Appellant.

Argued May 30, 2007; decided June 27, 2007

**POINTS OF COUNSEL**

*Lustig & Brown, LLP,* Buffalo (*Jonathan Schapp* and *Russell N. Brown* of counsel), for appellant. I. The lower court erred in treating BP Air Conditioning Corp. as an additional insured under the One Beacon Insurance Group policy. (*Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131; *Kajima Constr. Servs. v CATI, Inc.,* 302 AD2d 228; *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.,* 266 AD2d 9; *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.,* 203 AD2d 83; *Pecker Iron Works of N.Y. v Traveler's Ins. Co.,* 99 NY2d 391; *Thomson v Power Auth. of State of N.Y.,* 217 AD2d 495; *Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.,* 3 AD3d 44; *Structure Tone v*

*Component Assembly Sys.*, 275 AD2d 603.) II. Regardless of whether the court was correct in deeming BP Air Conditioning Corp. an additional insured under the One Beacon Insurance Group policy, the court erred in finding that *Pecker Iron Works of N.Y. v Traveler's Ins. Co.* (99 NY2d 391 [2003]) mandates One Beacon to provide primary coverage without consideration of the respective policies' language. (*Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363; *United States Liab. Ins. Co. v Mountain Val. Indem. Co.*, 371 F Supp 2d 554; *State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369; *United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163; *Travelers Indem. Co. v American & Foreign Ins. Co.*, 286 AD2d 626; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584.)

*Wechsler & Cohen, LLP*, New York City (*Mitchell S. Cohen* and *Debora A. Pitman* of counsel), for respondent. I. The duty to defend is broader than the duty to indemnify, thus, one Beacon Insurance Group's defense duty to BP Air Conditioning Corp. was triggered by the allegations in Joseph Cosentino's amended complaint. (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663; *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304; *Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131; *Goldberg v Lumber Mut. Cas. Ins. Co. of N.Y.*, 297 NY 148; *Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157; *State of New York v Home Indem. Co.*, 66 NY2d 669.) II. One Beacon Insurance Group's argument, that its duty to defend is contingent on a liability finding, negates a primary insurer's duty to defend, ignores that relatively few cases are tried, and would engender protracted litigation. (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304; *General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451; *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008; *Michaels v City of Buffalo*, 85 NY2d 754; *Mionis v Bank Julius Baer & Co.*, 301 AD2d 104.) III. The lower court correctly held that One Beacon Insurance Group's policy is primary to any policy covering BP Air Conditioning Corp. as a named insured. (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391; *United States Liab. Ins. Co. v Mountain Val. Indem. Co.*, 371 F Supp 2d 554; *Bingham v New York City Tr.*

*Auth.,* 99 NY2d 355.) IV. One Beacon Insurance Group must defend BP Air Conditioning Corp. because it provided coverage for Alfa Piping Corp.'s contractually assumed liabilities. (*Travelers Indem. Co. v LLJV Dev. Corp.,* 227 AD2d 151; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.,* 303 AD2d 532; *Antonitti v City of Glen Cove,* 266 AD2d 487; *New York City Tr. Auth. v Aetna Cas. & Sur. Co.,* 207 AD2d 389; *A. Servidone, Inc. v Commercial Underwriter's Ins. Co.,* 7 AD3d 942; *Hailey v New York State Elec. & Gas Corp.,* 214 AD2d 986.)

**OPINION OF THE COURT**

CIPARICK, J.

We are asked to decide within the context of a comprehensive general liability (CGL) insurance policy whether liability must be determined before an additional named insured is entitled to a defense in an underlying personal injury action. We conclude that additional insured coverage is not contingent upon a liability finding and that the obligation of an insurer to provide a defense to an additional named insured under the policy exists to the same extent as it does to a named insured. We are unable to answer a second question regarding priority of coverage since the relevant parties and policies at issue are not before us.

In 2000, Henegan Construction Company, Inc., a general contractor on a multi-floor renovation project at the World Trade Center, subcontracted the HVAC work to BP Air Conditioning Corp. BP subsequently subcontracted the HVAC-related steam fitting work to Alfa Piping Corp. The purchase order memorializing the subcontract between BP and Alfa contained the following indemnification/hold-harmless clause:

> "To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless the Owner, General Contractor and BP Air Conditioning and their agent and employees from and against all claims, damages, losses, and expenses, including, but not limited to attorneys fees, arising out of or resulting from the performance of the Work, provided that any such claims, damages, losses or expenses are (1) attributable to bodily injury[,] sickness, disease or death or to injury or to destruction of tangible property including the loss of use resulting therefrom and (2) caused in whole or in part by any negligent act or omission of the Subcontractor, any sub-subcontractor, anyone directly or indirectly

employed by any of them or anyone for whose acts any of them be liable, regardless of whether or not it is caused in part by a party indemnified hereunder."

Furthermore, the purchase order required Alfa to obtain "Comprehensive General Liability [I]nsurance . . . naming [BP] . . . additional insured." The CGL policy issued by defendant, One Beacon Insurance Group,[1] to Alfa included an additional insured endorsement, which provided in relevant part that:

"Who is An Insured (Section II) is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed."

In December 2000, Joseph Cosentino, an employee of Karo Sheet Metal, Inc., another subcontractor hired by BP, was allegedly injured when he slipped and fell on an oil slick that had originated from a machine used to cut and thread pipe at the work site. Cosentino commenced an action against Henegan,[2] who then brought a third-party action against BP and Alfa, who were subsequently added as direct defendants in the Cosentino action.

BP, as an additional named insured on Alfa's policy, tendered its defense in the Cosentino action to One Beacon, which declined to defend BP, although it defended Alfa, its insured in the underlying action. BP then commenced a fourth-party action against One Beacon, seeking a declaration of its rights as an additional insured under Alfa's policy, and against Karo, asserting various contractual and common-law claims. One Beacon subsequently moved to sever BP's fourth-party declaratory judgment action against it from the Cosentino action. The motion court granted One Beacon's motion, which left Karo as the sole

---

1. One Beacon is the successor-in-interest to General Accident Insurance, the insurance company that issued Alfa's policy.

2. The underlying action is captioned *Cosentino v Henegan Construction Company, Inc., et al.*, New York County Clerk's Index No. 110853/01.

fourth-party defendant in the underlying action and BP and One Beacon as the remaining parties to this declaratory judgment action.

Thereafter, BP moved for partial summary judgment, seeking an order requiring One Beacon to defend it in the underlying action and for reimbursement of its past defense costs. One Beacon opposed summary judgment contending that it was not obligated to defend BP until it was determined that Cosentino's alleged injury arose out of Alfa's activities, and that One Beacon's responsibility, if any, for the costs of BP's defense could not be determined without considering other relevant policies at issue.

Supreme Court granted BP's motion for partial summary judgment, to the extent that One Beacon is obligated to defend BP in the Cosentino action. However, the court declined to declare that One Beacon was primarily responsible for BP's defense costs. The court opined that since no copies of other relevant insurance policies were submitted, it was "unable to ascertain whether . . . some other carrier[ ] should be treated as a co-insurer or an excess carrier to [One Beacon, and that its] ultimate contribution for defense and indemnification[,] if any, cannot be determined from the present submissions" (2004 NY Slip Op 30129[U], *7). The Appellate Division, with two Justices dissenting, modified Supreme Court's order, holding that One Beacon must provide BP a defense in the Cosentino action and that this coverage is primary and BP's coverage under its own policy is excess (33 AD3d 116 [2006]).

Relying on the Appellate Division's holding in *AIU Ins. Co. v American Motorists Ins. Co.* (292 AD2d 277 [1st Dept 2002]), the dissenting Justices stated that because "the [additional insured] endorsement creates a condition precedent to the triggering of additional insured coverage . . . it must be shown that the [cause of] Cosentino['s] . . . slip and fall emanated . . . from Alfa's work" (33 AD3d at 133). The dissent further stated that because liability in the underlying Cosentino action must be determined before One Beacon is obligated to defend BP, the court need not reach the issue of the priority of coverage. The Appellate Division granted leave to appeal to this Court and certified the following question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?" We answer the certified question in the negative, modify the order of the Appellate Division and reinstate the order of Supreme Court.

Addressing first whether BP is entitled to be defended by One Beacon, it is well settled that an insurer's "duty to defend [its insured] is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006] [citation omitted]). "The duty to defend [an] insured[ ] . . . is derived from the allegations of the complaint and the terms of the policy. If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]).

A duty to defend is triggered by the allegations contained in the underlying complaint. The inquiry is whether the allegations fall within the risk of loss undertaken by the insured "[and, it is immaterial] that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 444 [2002] [internal quotation marks and citation omitted]). "The merits of the complaint are irrelevant and, [a]n insured's right to be accorded legal representation is a contractual right and consideration upon which [a person's] premium is in part predicated, and this right exists even if debatable theories are alleged in the pleading against the insured" (*id.* [internal quotation marks and citation omitted]). An "insured's right to representation and the insurer's correlative duty to defend suits, however groundless, false or fraudulent, are in a sense 'litigation insurance' expressly provided by the insurance contract" (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 423-424 [1985]). Furthermore, "an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course" (*Automobile Ins. Co.*, 7 NY3d at 137).

It is undisputed that Alfa agreed in the purchase order to name BP as an "additional insured" in Alfa's CGL policy and that Alfa also agreed to indemnify and pay BP's attorneys fees for any personal injury tort claim arising from Alfa's work. One Beacon urges us to adopt a different standard that requires a determination of liability before an additional named insured is entitled to a defense. Quite to the contrary, we have held that an "[a]dditional insured is a recognized term in insurance contracts, . . . [and that] the well-understood meaning of the

term is an entity enjoying the same protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks and citations omitted]). As such, the dissenting Justices' and One Beacon's reliance on the Appellate Division's decision in *AIU Ins. Co.*, which held that liability must be determined before an additional insured is entitled to a defense, is misplaced. Thus, the standard for determining whether an additional named insured is entitled to a defense is the same standard that is used to determine if a named insured is entitled to a defense.

One Beacon argues that the portion of the additional insured endorsement that states that BP "is an additional insured only with respect to liability arising out of [Alfa's] ongoing operations performed for that insured," requires a determination of liability for Cosentino's injuries before BP is entitled to a defense. However, when considering this policy language in light of an insurer's broad obligation to defend an insured, it does not affect the standard under which a duty to defend is determined. When the duty to defend is at issue, a liability alleged to arise out of Alfa's ongoing operations is one "arising out of" such operations within the meaning of the policy.

Here, Cosentino, in his amended complaint, alleged, among other things, that Alfa, BP's subcontractor, was engaged in construction work at the work site where he was injured, that Alfa breached its duty to keep the work site safe and that Alfa's breach caused his injuries. These allegations form a "factual [and] legal basis on which [One Beacon] might eventually be held to be obligated to indemnify [BP] under any provision of the insurance policy" and certainly bring this claim within the ambit of the protection purchased (*Servidone Constr. Corp.* at 424). Since there is a possibility that Cosentino's injuries "ar[ose] out of [Alfa's] ongoing operations performed for [BP]," One Beacon's obligation to provide BP with a defense is triggered.

Moreover, nothing in the policy or the purchase order requires the application of a different standard for determining under what circumstances BP is entitled to a defense. To the contrary, the purchase order's indemnification/hold-harmless clause indicates that BP sought broad protection against any liability that may be attributable to Alfa's activities as insured by One Beacon. The language of the purchase order and the policy evinces BP's reasonable expectation to the defense that it now seeks.

We have previously held that "the reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract" will be considered in construing a contract (*Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010 [1992]). BP's reasonable expectation, when it forwarded the purchase order to Alfa that required Alfa to name BP as an additional insured, was that it wanted protection from lawsuits arising out of Alfa's work—litigation insurance. Denying BP a defense in the underlying matter would rewrite the policy without regard to BP's reasonable expectations as expressed in the purchase order, and provide a windfall for One Beacon. Therefore, the lower courts correctly determined that One Beacon is obligated to provide BP a defense in the underlying Cosentino action, regardless of the merits of the claim.

Turning to the issue of the priority of coverage, we conclude that the Appellate Division erred in finding that One Beacon's coverage is primary and BP's coverage under its own policy is excess. In order to determine the priority of coverage among different policies, a court must review and consider all of the relevant policies at issue (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369 [1985]). Here, Supreme Court correctly concluded that because none of the other insurance carriers are parties to this declaratory judgment action and no other relevant policies have been submitted, the priority of coverage cannot be determined.

Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating the order of Supreme Court and, as so modified, the order should be affirmed, and the certified question answered in the negative.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.