■ BOVIS LEND LEASE LMB, INC., et al., Appellants, v AMERICAN ALTERNATIVE INSURANCE COMPANY, Respondent. [846 NYS2d 107]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 11, 2006, which granted plaintiffs' motion to reargue and renew to the extent of granting reargument,

and, upon reargument, adhered to the order entered April 11, 2006 denying plaintiffs' motion for summary judgment declaring that defendant must defend and indemnify plaintiffs in the underlying action, unanimously modified, on the law and the facts, to grant renewal as well as reargument, and, upon reargument, to grant plaintiffs' motion for summary judgment to the extent of declaring that defendant must defend plaintiffs in the underlying action, and, upon renewal, to adhere to the prior order denying summary judgment declaring that defendant must indemnify plaintiffs in the underlying action, and otherwise affirmed, without costs.

Defendant's policy with a nonparty subcontractor (ETS) names plaintiffs as additional insureds for claims arising out of ETS's work; the injured party in the underlying action was an employee of another subcontractor. As defendant now concedes that it is obligated to reimburse plaintiffs for their defense costs in the underlying action (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708 [2007]), we modify the granting of reargument to reflect that concession. Concerning renewal, we reject the motion court's characterization of plaintiffs' failure to submit the ETS deposition at the time of their original motion for summary judgment, and find that, given ETS's history of defaults in the underlying action, at the time of the original motion, plaintiffs had no reason to expect ETS's eventual appearance, and reasonably submitted the evidence it then had. Thus, renewal should have been granted so as to permit consideration of ETS's deposition (*see Metcalfe v City of New York*, 223 AD2d 410 [1996]). As issues of fact remain as to whether the accident arose out of ETS's work, summary judgment declaring that defendant has a duty to indemnify plaintiffs was properly denied (*see id.*). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.