Lexington Ins. Co. v Steadfast Ins. Co., Inc. (2019 NY Slip Op 00693)





Lexington Ins. Co. v Steadfast Ins. Co., Inc.


2019 NY Slip Op 00693


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8294 650574/15

[*1]Lexington Insurance Company, Plaintiff-Respondent,
v
Steadfast Insurance Company, Inc., Defendant-Respondent, Langan Engineering and Environmental Services, Inc., Defendant-Appellant.


Pasich LLP, New York (Jeffrey L. Schulman of counsel), for appellant.
Riker Danzig Scherer Hyland & Perretti LLP, New York (Michael J. Rossignol of counsel), for Lexington Insurance Company, respondent.
Coughlin Duffy LLP, New York (Lorraine M. Armenti of counsel), for Steadfast Insurance Company, Inc., respondent.



Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered June 19, 2017, which granted plaintiff's motion for summary judgment declaring that it is not obligated to pay any part of the deductible under the policy issued by defendant Steadfast Insurance Company to defendant Langan Engineering and Environmental Services, Inc., and so declared, and granted Steadfast's motion for summary judgment declaring that Langan must reimburse it for the deductible, and so declared, unanimously reversed, on the law, without costs, the motions denied, and the declarations vacated.
The motion court erred in concluding that plaintiff was not obligated to pay any part of Langan's deductible under the Steadfast policy and that Langan owed Steadfast the amount of the deductible without first determining Steadfast's and plaintiff's duties to defend and to indemnify and, if necessary, the priority of coverage (see Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa., 65 AD3d 12, 18 [1st Dept 2009], appeal withdrawn 14 NY3d 796 [2010]). That determination requires consideration of all relevant policies and, with regard to the duty to indemnify, the facts as found in the underlying personal injury action (see id. at 29; BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]).
In addition, we note that the court failed to reduce the disputed deductible by $25,000, as provided for in the Steadfast policy in the event of the resolution of a claim by mediation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK