Live Nation Mktg., Inc. v Greenwich Ins. Co. (2020 NY Slip Op 06356)





Live Nation Mktg., Inc. v Greenwich Ins. Co.


2020 NY Slip Op 06356


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 655784/16 Appeal No. 12269-12269A Case No. 2018-3489 

[*1]Live Nation Marketing, Inc., et al., Plaintiffs-Appellants-Respondents, Westchester Fire Insurance Company, Plaintiff,
v
Greenwich Insurance Company, et al., Defendants-Respondents-Appellants, XYZ Companies 1-5, etc., et al., Defendants.


Connell Foley LLP, New York (Jeffrey W. Moryan of counsel), for appellants-respondents.
Shipman & Goodwin LLP, New York (James P. Ruggeri of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2019, which, upon renewal of defendants Greenwich Insurance Company and XL Specialty Insurance Company's (together, XL) motion for summary judgment dismissing the complaint as against it, granted the motion, and, upon reargument, denied plaintiffs Live Nation Marketing, Inc. and Live Nation Worldwide, Inc.'s (together, Live Nation) motion for summary judgment inter alia declaring that XL is obligated to defend and indemnify them in the underlying personal injury action, unanimously modified, on the law, to declare that XL is obligated, within the limits of the policies, to reimburse Live Nation for its reasonable costs incurred in defending against the underlying action from its inception, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 20, 2018, which denied Live Nation's and XL's motions for summary judgment, unanimously dismissed, without costs, as superseded by the appeal from the order on renewal and reargument.
Live Nation contends that it is entitled to a defense and indemnification by XL in connection with the underlying personal injury action as an additional insured under the policies issued by XL to nonparty Best Buy Co., Inc., the underlying plaintiff's employer. The policies, by amending "Designated Person or Organization" endorsement, included as additional insureds persons or organizations that Best Buy had agreed by written contact so to designate, but only with respect to liability for bodily injury caused, in whole or in part, by acts or omissions of Best Buy or those acting on Best Buy's behalf. It was determined in the underlying action that neither Best Buy nor those acting on its behalf had caused, in whole or in part, the plaintiff's bodily injury. Thus, Live Nation was not entitled to indemnification (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313 [2017]; see e.g. Hanover Ins. Co. v Philadelphia Indem. Ins. Co., 159 AD3d 587 [1st Dept 2018]).
Nevertheless, Live Nation was entitled to a defense, because the allegations of the underlying complaint and the third-party complaint suggested a reasonable possibility of coverage under XL's broad duty to defend, i.e., a reasonable possibility that the underlying injury was caused, in whole or in part, by Best Buy's acts or omissions (see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [2011]; BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714-715 [2007]). Thus, XL must reimburse Live Nation for its reasonable costs incurred in defending against that action.
We have considered Live Nation's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020