First Mercury Ins. Co. v Preferred Contrs. Ins. Co. Risk Retention Group, LLC (2021 NY Slip Op 00368)





First Mercury Ins. Co. v Preferred Contrs. Ins. Co. Risk Retention Group, LLC


2021 NY Slip Op 00368


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 653435/19 Appeal No. 12939 Case No. 2020-00159 

[*1]First Mercury Insurance Company, Plaintiff-Appellant,
v
Preferred Contractors Insurance Company Risk Retention Group, LLC, et al., Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy Number 10268L150029, Defendant-Respondent.


Kennedys CMK LLP, New York (Kristin V. Gallagher of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Corey M. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered December 6, 2019, which granted the motion of defendant Certain Underwriters at Lloyd's, London (Lloyd's) to dismiss the complaint as against it pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, with costs, and the motion denied.
In this action between insurers, plaintiff (FMIC) seeks a declaration that defendant Lloyd's has a duty to defend and indemnify FMIC's insured, the property owner, in the underlying personal injury action, pursuant to an "additional insured" endorsement in the policy Lloyd's issued to the owner's construction manager. At this stage, the pleadings are sufficient to allege, and the documentary evidence does not conclusively refute, that Lloyd's named insured proximately caused the underlying accident, and thus that under the policy language (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 322 [2017]), there is a reasonable possibility of coverage that could trigger at least a duty to defend (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021