421 Kent Dev., LLC v Prosight Syndicate 1110 (2025 NY Slip Op 51369(U))

[*1]

421 Kent Dev., LLC v Prosight Syndicate 1110

2025 NY Slip Op 51369(U)

Decided on September 1, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 1, 2025
Supreme Court, Kings County

421 Kent Development, LLC, WONDER WORKS CONSTRUCTION CORP 
 and CATLIN INSURANCE COMPANY, INC., Plaintiff,

against
Prosight Syndicate 1110, Defendant.

Index No. 512588/2022

Gallo Vitucci & Klar, LLP, Irvington (Jonathan W. Greisman of counsel), for plaintiffs.
O'Toole Scrivo, LLC, New York, NY (Amy E. Robinson of counsel), for defendant.

Aaron D. Maslow, J.

The following numbered papers were used on these motions: NYSCEF Document Numbers 3, 10-37, 47-75.
Upon the foregoing papers, the within motions are determined as follows.
Background

 Introduction
The within action concerning insurance coverage derives from an underlying action ("Underlying Action") commenced by Robert Crutch against 421 Kent Development, LLC ("421 Kent") and Wonder Works Construction Corp. ("Wonder Works") (see NYSCEF Doc No. 14).[FN1]
Crutch was injured on August 3, 2015, while employed by Metropolis HVAC Contractors, Inc. ("Metropolis") at 421 Kent Avenue, Brooklyn, New York ("the Premises"). Wonder Works managed the worksite and subcontracted with Centrifugal, Prosight Syndicate 1110's ("Prosight") insured, to install ductwork, pipe work, refrigerator lines, and the HVAC mechanical equipment at the Premises (see NYSCEF Doc No. 24). Centrifugal subcontracted to J&Z Mechanical/Construction Corp. ("J&Z"), and J&Z further subcontracted its work to [*2]Metropolis. The accident arose out of the work that Centrifugal was to perform, which included installing HVAC equipment at the Premises (see NYSCEF Doc No. 11 ¶ 20). This was the work that Crutch was hired to do (see id.). Wonder Works and 421 Kent filed a third-party claim against Centrifugal, J&Z, and Metropolis on September 29, 2016 (see NYSCEF Doc No. 3). Ultimately, on June 6, 2022, a jury verdict found Wonder Works solely liable for the accident in the Underlying Action (see NYSCEF Doc No. 43). All claims against third-party defendants Centrifugal, J&Z, and Metropolis were dismissed on March 6, 2023 (see NYSCEF Doc No. 64).
This action was commenced by 421 Kent, Wonder Works, and Catlin Insurance Company, Inc. ("Catlin") against Prosight.
Plaintiff Catlin issued a commercial general liability policy effective November 13, 2013, through December 15, 2016, to 421 Kent, with Wonder Works as a named insured ("Catlin Policy") (see NYSCEF Doc No. 31). The Catlin Policy contains a provision regarding other insurance, stating that the Catlin Policy insurance is excess if any other primary insurance is available to the named insureds covering liability for damages for which they have been added as an additional insured (see id. at PDF 27, ¶ 4 [b]).
Prosight issued a commercial general liability policy to Centrifugal effective October 15, 2014, through October 15, 2015 ("Prosight Policy") (see NYSCEF Doc No. 25). The Prosight Policy covered bodily injury and property damage liability and named as additional insured "Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy" (NYSCEF Doc No. 25 at PDF 43). The subcontract agreement between Wonder Works and Centrifugal required Centrifugal to obtain and maintain a commercial general liability insurance policy and that the policy shall name as additional insureds, among other entities, 421 Kent and Wonder Works (see NYSCEF Doc No. 24 at PDF 72, ¶ 4).
Plaintiffs' counsel tendered four letters to Defendant Prosight with the obligations to defend and indemnify 421 Kent and Wonder Works against the Underlying Action as additional insureds under the Prosight Policy (see NYSCEF Doc Nos. 26, 27, 29, 30). Defendant Prosight acknowledged receipt of the second tender and informed Plaintiffs' counsel that it was investigating the matter (see NYSCEF Doc No. 28). Following that correspondence, Defendant did not respond to Plaintiffs' third and fourth tenders (see NYSCEF Doc No. 11, ¶¶ 37-38).
Plaintiffs move pursuant to CPLR 3212 for summary judgment against Defendant Prosight declaring that Defendant must reimburse Plaintiff Catlin for all defense costs in the Underlying Action from August 28, 2015.
Defendant Prosight cross-moves pursuant to CPLR 3212 for summary judgment declaring that it is not obligated to defend or reimburse Plaintiffs in the Underlying Action.

Plaintiffs' Position
Plaintiffs seek summary judgment pursuant to CPLR 3212, arguing that Plaintiffs 421 Kent and Wonder Works were additional insureds under the Prosight Policy, and Defendant's duty to defend was triggered when the Underlying Action was commenced and the allegations in the complaint gave rise to the reasonable possibility that Plaintiffs 421 Kent and Wonder Works might be liable for Crutch's injuries. Plaintiffs assert that Defendant Prosight must reimburse [*3]Plaintiff Catlin for all defense costs in the underlying action from August 28, 2015 to June 6, 2022, because it had a duty to defend its additional insureds Plaintiffs 421 Kent and Wonder Works (see id. at 12-14). Plaintiffs counter Defendant's laches defense by arguing that Defendant did not demonstrate that it was prejudiced by Plaintiffs' alleged delay in filing this action (see NYSCEF Doc No. 70 at 8). Plaintiffs counter Defendant's waiver argument by pointing to the tenders sent to Defendant where Plaintiffs 421 Kent and Wonder Works acted on their coverage rights, demonstrating that Plaintiffs did not voluntarily and intentionally relinquish their known contractual rights (see id. at 8-9).

Defendant's Position
Defendant seeks summary judgment arguing that an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured. Defendant argues that the jury's verdict finding Plaintiff Wonder Works solely liable for Crutch's accident extinguished Defendant's duty to defend or indemnify Wonder Works.
Additionally, Defendant argues that Plaintiffs should be barred from seeking relief on the grounds of laches, asserting that Plaintiffs' delay in bringing this suit caused prejudice. Defendant contends that if it has a duty to defend, it also has a right to control the defense for the Underlying Action, and because Plaintiffs filed this action on the "eve of the trial," Plaintiffs stripped Defendant of its opportunity to defend in the Underlying Action. Defendant argues that the timing of this action and the timing of Plaintiffs' motion for summary judgment were strategic moves on Plaintiffs' part and Plaintiffs are seeking retroactive recovery. Defendant contends Plaintiffs placed them at a disadvantage by delaying the action, which is prima facie prejudicial under New York law and constitutes a laches defense. Lastly, Defendant argues that Plaintiffs voluntarily waived their contractual rights by filing this present action years later. (See NYSCEF Doc Nos. 60, 68.)

Discussion

Legal Standards
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see [*4]Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
The duty to defend insureds is broader than the duty to indemnify (see Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]). The duty to defend is determined by looking at the four corners of the complaint and the terms of the insurance policy (see Fitzpatrick v American Honda Motor Co., Inc., 78 NY2d 61 [1991]). Therefore, an insurer's duty to defend is triggered when the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy (see Pro's Choice Beauty Care, Inc. v Great N. Ins. Co., 190 AD3d 868 [2d Dept 2021]). The doctrine of laches is an equitable doctrine that bars the enforcement of a right where there has been an unreasonable delay that prejudices a party (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003]). A mere delay does not constitute a laches defense; prejudice is required to sustain a defense of laches and may be established by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay (see Skrodelis v Norbergs, 272 AD2d 316 [2d Dept 2000]). Lastly, contractual rights may be waived if they are knowingly, voluntarily, and intentionally abandoned (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]).

Plaintiff Has Met the Burden of Proof for Summary Judgment Pursuant to CPLR 3212
First, there is no factual dispute regarding the fact that Plaintiffs 142 Kent and Wonder Works were additional insureds under the Prosight Policy. The documentary evidence, including the Prosight Policy and the subcontract between Wonder Works and Centrifugal, unequivocally establishes that Plaintiffs were additional insureds under the Prosight Policy. Additionally, language in the Catlin Policy indicates that the Prosight Policy rendered its coverage excess when Plaintiffs 421 Kent and Plaintiff Wonder Works were added as additional insureds under the Prosight Policy. There is no factual dispute whether Defendant had notice of the Underlying Action, as evidenced by Plaintiffs' counsel tendering the obligations to defend and indemnify Plaintiffs to Defendant several times following the commencement of the Underlying Action. Lastly, there is no dispute that Wonder Works was found solely liable for Crutch's injuries in the Underlying Action. Therefore, there is no dispute of material facts and, as a matter of law, summary judgment is appropriate.
While the duty to indemnify requires a determination that the insured is liable for a loss that is covered by the insurance policy (see Belsito v State Farm Mut. Ins. Co., 27 AD3d 502, 502 [2006]), the duty to defend is triggered once the complaint in the relevant action gives rise to the reasonable possibility that the insurance policy may provide recovery (see Pro's Choice Beauty Care, Inc., 190 AD3d at 870). In this case, Defendant's duty to defend was triggered when Crutch filed his complaint in the Underlying Action. It is irrelevant whether Defendant's named insured, Centrifugal, was ultimately found liable in order to determine Defendant's duty to defend its additional insureds, Plaintiffs 421 Kent and Plaintiff Wonder Works. BP A.C. Corp. v One Beacon Ins. Group. (8 NY3d 708 [2007]) is a factually analogous case where a subcontractor sought a declaratory judgment that a sub-subcontractor's commercial general liability insurer had a duty to defend it in an underlying personal injury action. The Court of Appeals held that an insurer's obligation to provide defense to an additional insured was not [*5]contingent upon the additional insured's liability (see id.). Similarly, here, even though Centrifugal was not found liable for Crutch's accident, Defendant's duty to defend was triggered long before the jury's verdict in the Underlying Action.

Defendant Has Not Met the Burden of Proof for Summary Judgment Pursuant to CPLR 3212
Defendant relies on Erdman v Eagle Ins. Co. (239 AD2d 847 [3d Dept 1997]), where the Appellate Division, Third Department held that the plaintiff's release of the insured, which vitiated the insured's liability, eliminated the insurer's duty to defend in the underlying tort claim. The Court held that because there was no possible factual or legal basis on which the insurer might eventually have been obligated to indemnify the insured, the insurer also did not have a duty to defend (see id.). Defendant argues in the present case that because its insured was found not liable in the Underlying Action, its duty to defend no longer exists. However, Erdman is not a binding authority upon this Court, unlike decisions of the Court of Appeals and Second Department, which have held that an insurer's duty to defend is not contingent on the finding of the insured's ultimate liability (see BP A.C. Corp., 8 NY3d at 711; One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 976 [2d Dept 2018]). In any event, the effect of a release is to extinguish any liability on the part of the insured and, therefore, there would be no duty to defend; this is different from a situation where there was a potential for liability. This Court therefore confirms that Defendant's duty to defend remains even if its insured, Centrifugal, was not found liable in the Underlying Action.

Defendant Has Not Met the Burden to Prove Laches
Defendant failed to demonstrate that it was prejudiced in this present case and, therefore, its laches defense fails. As previously discussed, a laches claim requires a showing of an unreasonable delay that prejudices the other party (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 816). To support its laches argument, Defendant cites Continental Cas. Co. v Employers Ins. Co. of Wausau (60 AD3d 128 [1st Dept 2008]), in which the First Department held that the insurers were prejudiced due to a loss of evidence when the plaintiff failed to assert its right in a timely manner. Defendant also cites Matter of Finchum v Colaiacomo (55 AD3d 1084 [3d Dept 2008]), where as a result of an employer's delay, the insurer was prejudiced when it was unable to participate in hearings of now-deceased witnesses, precluded from eliciting testimony, and denied the opportunity to review documentation about the employer's business because it was discarded. Unlike both of the cases Defendant cited, the instant case does not involve a loss of evidence caused by Plaintiffs' delay in commencing the action. Perhaps more significantly, while Defendant's main contention is that it was prejudiced when it was not able to control the defense in the Underlying Action, it fails to demonstrate how this prejudiced it. In any event, Defendant could have controlled the defense had it acknowledged the duty to defend when the four tenders were made. Therefore, because a laches defense requires both a showing of a delay and resulting prejudice to the other party (see Skrodelis, 272 AD2d at 316), Defendant's laches claim fails.

Defendant Has Not Met the Burden to Prove Waiver
Lastly, Defendant argues that Plaintiffs waived their contractual rights to coverage by failing to assert their rights. Waiver of contractual rights should not be lightly presumed and must be based on a clear manifestation of intent to voluntarily relinquish a contractual protection (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]). Defendant contends that Plaintiffs' failure to file a complaint earlier on was a clear manifestation of the intentional and voluntary relinquishment of their rights. However, Plaintiffs 421 Kent and Wonder Works clearly asserted their rights to coverage when they tendered numerous letters to Defendant at the outset of the Underlying Action. Therefore, Defendant failed to proffer any evidence of Plaintiffs' intentional and voluntary relinquishment of their rights and failed to establish waiver.

Conclusion
Plaintiffs' prima facie showing of entitlement to a declaration that Defendant is liable for defense costs in the Underlying Action has not been rebutted by Defendant, who did not establish the existence of a material issue of fact.
Accordingly, it is hereby ORDERED as follows:
(1) The motion by Plaintiffs 421 Kent Development, LLC, Wonder Works Construction Corp., and Catlin Insurance Company, Inc., pursuant to CPLR 3212 for summary judgment against Defendant declaring that Defendant must reimburse Plaintiff Catlin for all defense costs in the Underlying Action from August 28, 2015 to June 6, 2022 is GRANTED.
(2) The motion by Defendant pursuant to CPLR 3212 for summary judgment against Plaintiffs declaring that Defendant is not obligated to defend or reimburse Plaintiffs in the Underlying Action is DENIED.
(3) The Clerk shall enter judgment accordingly.

Footnotes

Footnote 1:The Underlying Action was assigned Kings County Supreme Court Index No. 13480/2015.