Travelers Indem. Co. of Am. v Southwest Mar. & Gen. Ins. Co.

2026 NY Slip Op 02356

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Travelers Indemnity Company of America, Plaintiff-Appellant-Respondent,

v

Southwest Marine & General Insurance Company, Defendant-Respondent-Appellant, Endurance American Insurance Company, Defendant-Respondent.

Decided and Entered: April 16, 2026

Index No. 809292/23|Appeal No. 6405|Case No. 2025-02253|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Usery & Associates, New York (Lisa Szczepanski of counsel), for appellant.

O'Toole Scrivo, LLC, New York (Steven A. Weiner of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered or about February 26, 2025, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff's motion for summary judgment declaring that defendant Southwest Marine & General Insurance Company had a duty to defend in the underlying action and found sua sponte that defendants' coverage cap was $1 million, and denied so much of the motion as sought a declaration that Southwest's duty to defend was primary to plaintiff's, unanimously modified, on the law, to vacate so much of the order as found that defendants' coverage cap was $1 million, and otherwise affirmed, without costs.

Supreme Court properly concluded that Southwest's duty to defend was triggered by the allegations in the underlying complaint (see BP A.C. Corp. v OneBeacon Ins. Group, 8 NY3d 708, 714 [2007]). Extrinsic evidence offered by Southwest may not be considered, as the relevant subcontract provisions, which set forth Southwest's named insured's duty to indemnify plaintiff's insured, are not ambiguous as to the parties' roles and obligations (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 278 [2005]).

Nevertheless, upon reviewing and considering all the relevant policies, Supreme Court properly found that it would be premature to make a finding of priority of coverage as between plaintiff Travelers Indemnity Company of America and Southwest (see BP A.C. Corp., 8 NY3d at 716; Paramount Ins. Co. v Federal Ins. Co., 174 AD3d 476, 477 [1st Dept 2019]). Priority of coverage is determined by comparing the "other insurance clauses" of all policies covering the same risk and thus may depend on the interaction of multiple policies rather than a comparison of two policies in isolation (Sport Rock Intl. v American Cas. Co. of Reading, 65 AD3d 12, 18 [1st Dept 2009] [internal quotation marks omitted]; see Pecker Iron Works of NY, Inc. v Traveler's Ins. Co., 99 NY2d 391, 393-394 [2003]). The record, however, does not include other potential policies that may provide coverage, and Supreme Court therefore had no basis for making a finding on priority.

Travelers and Southwest agree that the court should not have declared that Southwest's coverage cap was $1 million because they never briefed that issue (see Matter of Agnew v New York City Dept. of Corr., 217 AD3d 490, 492 [1st Dept 2023], lv dismissed 40 NY3d 1061 [2023]). As a result, that portion of the order is vacated.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026