24-2875
*New York Marine v. Federal Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

PRESENT:

> SUSAN L. CARNEY,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

NEW YORK MARINE AND GENERAL INSURANCE COMPANY,

> *Defendant-Cross-Claimant-Counter-
> Claimant-Cross-Defendant-Appellee,*

LM INSURANCE CORPORATION,

> *Plaintiff-Counter-Defendant,*


v.                                                         No. 24-2875

FEDERAL INSURANCE COMPANY,

     *Defendant-Cross-Defendant-Cross-Claimant-Appellant.*[*]

_____

| | |
|---|---|
| FOR NEW YORK MARINE AND GENERAL INSURANCE COMPANY: | JENNIFER F. MINDLIN, Fleischner Potash LLP, Mineola, NY. |
| FOR FEDERAL INSURANCE COMPANY: | SELINA M. ELLIS, Walsh Pizzi O'Reilly Falanga LLP, Newark, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 30, 2024, is **VACATED in part and the case is REMANDED**.

Mary Guzman, who worked for the cleaning company PBM, LLC ("PBM"), alleged that she was injured when a glass panel in a revolving door fell onto her as she cleaned the door. She brought a state court action against the owners of the building, Old Slip Property LLC ("Old Slip") and Beacon Capital Partners, LLC

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

("Beacon") (collectively, "Owners"), as well as the lessee of the fifteenth floor where the accident occurred, Bank of New York Mellon ("BNYM"). She alleged that Owners and BNYM were negligent in creating the dangerous condition that caused her injury.

Owners in turn filed third-party complaints against PBM and BNYM in Guzman's action, alleging that each entity's negligence caused Guzman's accident. BNYM, in its answer to Owners' third-party complaint against it, asserted counterclaims against Owners and crossclaims against PBM, seeking contribution and indemnification from both.

Owners' insurer, LM Insurance Corporation ("LM"), then filed this federal action against PBM's insurer, New York Marine and General Insurance Company ("New York Marine"), and BNYM's insurer, Federal Insurance Company ("Federal"), seeking a declaration that both companies had a duty to defend and indemnify Owners in the underlying state action. Federal then sought a declaration that New York Marine had a duty to defend and indemnify BNYM as well as Owners. On cross-motions for summary judgment by LM and New York Marine, the district court concluded that Federal has a duty to defend Owners, while New York Marine has no duty to defend or indemnify either Owners or

BNYM. The court concluded that it was premature to decide if Federal had a duty to indemnify Owners given the factual dispute in the underlying state action as to whether either Owners or BNYM was solely responsible for Guzman's injuries. The court certified its summary judgment decision as a final judgment under Federal Rule of Civil Procedure 54(b).

On appeal, Federal challenges the district court's determination that New York Marine has no duty to defend or indemnify BNYM or Owners. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review a district court's grant of summary judgment without deference. *Peoples v. Leon*, 63 F.4th 132, 137 (2d Cir. 2023). "Summary judgment is appropriate only in cases where no genuine dispute of material fact exists, and judgment can be made as a matter of law." *Id*.[1] Interpretation of an insurance policy is a question of law, which we likewise review without deference. *CGS Industries, Inc. v. Charter Oak Fire Insurance Co.*, 720 F.3d 71, 76 (2d Cir. 2013). In this diversity case, we apply

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

New York law.  *Jakobson Shipyard, Inc. v. Aetna Casualty and Surety Co.*, 961 F.2d 387, 389 (2d Cir. 1992).[2]

Under New York law, "the standard for determining whether an additional named insured is entitled to a defense is the same standard that is used to determine if a named insured is entitled to a defense."  *BP Air Conditioning Corp. v. One Beacon Insurance Group*, 8 N.Y.3d 708, 715 (2007).  An insurance company's "duty to defend is exceedingly broad"—broader than its duty to indemnify.  *Automobile Insurance Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006).  "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be."  *Id.*  Even so, the duty to defend isn't boundless: it's limited to "the scope of the coverage purchased" in the insurance policy.  *International Business Machines Corp. v. Liberty Mutual Insurance Co.*, 363 F.3d 137, 144 (2d Cir. 2004).  "If there is no legal or factual circumstance that could trigger the duty to indemnify against a claim, then there is no duty to defend against it."  *Id.*  Any doubt as to the duty to defend, however, is "resolved in favor of the insured."  *Id.*

---

[2] "The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law."  *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000).

Here, Old Slip and BNYM are additional insureds under the New York Marine Policy. PBM's policy with New York Marine names as additional insured "[a]ny person or organization for whom you are performing operations when you and such person or organization have agreed in writing . . . that such person or organization be added as an additional insured on your policy." App'x 447. In their service contracts with PBM, both Old Slip and BNYM required PBM to maintain a commercial general liability policy that included them as additional insureds. Thus, BNYM and Old Slip are additional insureds under PBM's New York Marine Policy. Because no written agreement requires PBM to name Beacon as an additional insured, however, Beacon is not an additional insured under that policy. *All State Interior Demolition Inc. v. Scottsdale Insurance Company*, 168 A.D.3d 612, 612–613 (N.Y. App. Div. 1st Dep't 2019) (concluding that only the entity identified in the written agreement to add an additional insured is entitled to coverage as an additional insured pursuant to similar language).

The additional insured endorsement in PBM's New York Marine Policy covers liability for bodily injury "caused, in whole or in part, by" the "acts or omissions" of PBM or those acting on its behalf "in the performance of [its] ongoing operations for the additional insured(s)." App'x 447. Pursuant to this

policy language, additional insureds are indemnified only for damages proximately caused by PBM's negligence or other actionable "acts or omissions." *Burlington Insurance Co. v. NYC Transit Authority*, 29 N.Y.3d 313, 323 (2017).

Because "[t]he duty to defend arises whenever the allegations in the complaint fall within the risk covered by the policy," *Ruder & Finn Inc. v. Seaboard Surety Co.*, 52 N.Y.2d 663, 669 (1981), we compare the insurance contract language with the allegations in the underlying action, *International Business Machines Corp.*, 363 F.3d at 144. "If a complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *BP Air Conditioning*, 8 N.Y.3d at 714.

Here, Guzman's complaint alleges that Owners and BNYM caused her injuries by creating or permitting "a negligent, dangerous, hazardous, and trap-like condition" on premises under their control and management. App'x 35–36. The complaint does not mention PBM.[3] However, Owners' third-party complaint against PBM alleges that if Guzman was injured as she alleged, her "injuries and damages will have arisen out of the affirmative, active and sole negligence" of

---

[3] As both parties recognize, New York law precludes Guzman from suing PBM, her employer, for injuries arising in the course of her employment; she may bring such claims only under New York's workers' compensation scheme. *See Weiner v. City of New York*, 19 N.Y.3d 852, 854 (2012).

PBM. *Id.* at 70; *see also id.* at 71 (any liability of Owners "will have arisen out of the affirmative, active and primary negligence" of PBM). It further alleges that PBM "actually caused, created, maintained, controlled and was responsible for the conditions" alleged in Guzman's complaint and "was the primary wrongdoer of any and all unusual or wrongful acts." *Id.* at 71.[4] These allegations are sufficient to trigger New York Marine's duty to defend. *See All State Interior Demolition*, 168 A.D.3d at 613 (concluding that third-party complaint triggered duty to defend).

True, Owners' third-party complaint is thin on concrete factual allegations. But unless "it can be determined from the factual allegations that no basis for recovery within the coverage of the policy is stated in the complaint," the insurer has a duty to defend. *Allstate Insurance Co. v. Mugavero*, 79 N.Y.2d 153, 163 (1992). *See also Cook*, 7 N.Y.3d at 137 ("If, liberally construed, the claim is within the embrace of the policy," the duty to defend applies "no matter how groundless, false or baseless the suit may be."). Because Owners allege that PBM, which is liable for Guzman's own conduct, caused the dangerous condition, and that allegation is not facially frivolous, we cannot conclude that the pleadings provide

_____

[4] BNYM's claims against PBM in the underlying action do not themselves trigger coverage. BNYM sued for contribution, common law and contractual indemnification, and breach of contract but did not allege that acts or omissions by PBM, or anyone acting on PBM's behalf, caused Guzman's injuries.

8

"no basis for recovery within the coverage of the policy." *Mugavero*, 79 N.Y.2d at 163. Absent discovery and an evidentiary record, we cannot definitively rule out the possibility that Guzman herself committed a negligent act that proximately caused the glass panel to dislodge.[5]

The circumstances here are distinguishable from those in *Pioneer Central School District v. Preferred Mutual Insurance Company*, a case the district court determined to be dispositive. 165 A.D.3d 1646 (N.Y. App. Div. 4th Dep't 2018). There, a cleaning company employee who slipped on ice or snow in the school parking lot sued the school district for negligence, and the school district, in turn, filed a third-party complaint against the cleaning company and then brought an action seeking a declaration that the cleaning company's insurer had a duty to defend and indemnify the school district in the employee's underlying negligence action. *Id.* at 1646. Like PBM's service contracts with Old Slip and BNYM, the cleaning company's contract with the school district required it to add the school district as an additional insured under its liability insurance policy. *Id.* And like the New York Marine Policy at issue here, the cleaning company's insurance

---

[5] New York Marine represented at oral argument that discovery in the underlying action was complete as to liability, but nothing in the record indicates it was complete at the time of the cross-motions for summary judgment.

policy provided additional insured coverage only for bodily injuries caused, in whole or in part, by the acts or omissions of the named insured (that is, the cleaning company) or those (such as its employees) acting on its behalf. *Id.*

The Fourth Department determined that the cleaning company's insurer had no duty to defend the school district. It reasoned that the underlying pleadings provided no basis to conclude that the cleaning company proximately caused the employee's injuries: it was undisputed that the cleaning company was not responsible for clearing ice and snow from the parking lot and that the employee slipped on ice or snow. *Id.* at 1647–48. The school district contended that the cleaning company proximately caused the employee's accident because the company allegedly instructed the employee to exit the school through a door near the location of the fall. *Id*. at 1647. But that instruction "merely furnished the occasion for the injury," in the Fourth Department's view; it was not a "separate instance of negligence [that] acted independently upon her to produce harm." *Id.* The underlying pleadings thus did not support any possible theory on which the cleaning company might be legally responsible for the employee's injuries. *Id*.

Here, the pleadings give no indication that PBM had any responsibility for maintaining the revolving doors. Still, as we noted above, absent discovery and a

10

more complete evidentiary record, the pleadings do not rule out the possibility they allege: that a negligent act of Guzman proximately caused the glass panel to fall. Thus, we cannot conclude that "there is no possible factual or legal basis" to determine that PBM or Guzman herself proximately caused her injuries such that New York Marine would eventually be obligated to indemnify Owners or BNYM. *Allstate Insurance Co. v. Zuk*, 78 N.Y.2d 41, 45 (1991).[6]

Although we conclude that New York Marine has a duty to defend, it is premature to determine whether New York Marine has a duty to indemnify. *See Frontier Insulation Contractors, Inc. v. Merchants Mutual Insurance Co.*, 91 N.Y.2d 169, 178 (1997) ("[A]n insurer may be contractually bound to defend even though it may not ultimately be bound to pay, either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage.").

\* \* \*

---

[6] We express no opinion as to whether New York Marine may be relieved of the duty to defend if discovery as to liability in the underlying action establishes that there is no factual or legal basis on which it might be obligated to indemnify. *See Sturges Manufacturing Co. v. Utica Mutual Insurance Co.*, 37 N.Y.2d 69, 74 (1975).

For the reasons above, the district court's judgment is **VACATED in part and the case is REMANDED** for further proceedings consistent with this Order.[7]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[7] On appeal, Federal does not challenge the district court's ruling with respect to Federal's duty to defend. We accordingly do not disturb that portion of the district court's judgment.